### ERNEST WALKER *v.* AMBULANCE SERVICE OF MANCHESTER, INC., ET AL.
### (4314)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued March 12—decision released April 29, 1986

*Stanley Falkenstein,* with whom was *Robin Murdock-Meggers,* for the appellants (defendants).

*Kathleen D. Stingle,* for the appellee (plaintiff).

SPALLONE, J. The defendants appeal from the judgment of the trial court rendered in accordance with the report of an attorney trial referee. The underlying dispute concerns a contract in which the plaintiff agreed to transfer his East Windsor ambulance service to the defendants in exchange for which the defendants agreed, among other things, to secure and deliver to the plaintiff a release of a mortgage on the plaintiff's property. The mortgage was given by the plaintiff and his wife to a third party. Although the transfer of the business took place and thereafter the plaintiff performed services for the defendants, the defendants

failed to secure and deliver the release of the mortgage and to pay the plaintiff for the services rendered.

The action was referred to an attorney trial referee; Practice Book § 430; who found the issues for the plaintiff. He awarded the plaintiff damages and ordered that the plaintiff be released from the mortgage and discharged from the debt which it secured. The attorney referee's report was filed in the trial court on May 1, 1985. On May 17, 1985, the plaintiff filed a motion for judgment on the report. Practice Book § 442. On that same date, the defendant filed an objection to the court's acceptance of the report and requested that judgment not be rendered in accordance with such report. Practice Book § 440. On May 28, 1985, the trial court, *Aspell, J.,* heard the plaintiff's motion for judgment, the defendants' objection thereto and the plaintiff's replies to that objection, but did not rule on them. On June 6, 1985, the court, *Stoughton, J.,* without further notice to the parties, rendered judgment for the plaintiff in accordance with the attorney referee's report. The record does not disclose how or why the file was transferred from Judge Aspell to Judge Stoughton.

Although the defendants raise several claims on appeal, the dispositive issue is whether the trial court, *Stoughton, J.,* erred in rendering judgment in accordance with the attorney referee's report notwithstanding the absence of a ruling by Judge Aspell on the defendants' objection to the acceptance of such report. We conclude that it did so err.

Practice Book § 442 provides in part that "[i]f exceptions or objections have been seasonably filed, the case should be claimed for the short calendar for hearing thereon; and the court may, upon its decision as to them, forthwith direct judgment to be rendered." Although the defendants' objection to the acceptance

of the attorney referee's report was heard by Judge Aspell, the record is devoid of any ruling on that objection. The plaintiff contends that the defendants waived their right to object because their motion was untimely.

Inasmuch as the defendants have a right to object to the trial court's acceptance of an attorney referee's report; Practice Book § 440; they are entitled to the trial court's express ruling on that objection, including a ruling on whether the objection was timely, prior to the acceptance of that report and the rendition of judgment in accordance therewith. Moreover, they were entitled to that ruling by the judge to whom the matter was argued and submitted. We conclude that Judge Stoughton should not have rendered judgment in accordance with the attorney referee's report when the defendants' objection had been presented to Judge Aspell. See Practice Book §§ 434 through 442.

There is error, the judgment is set aside and the case is remanded for a new hearing on the defendants' objection to the court's acceptance of the attorney referee's report, and thereafter to proceed according to law.

In this opinion the other judges concurred.