ANDREW B. BOWMAN *v.* 1477 CENTRAL AVENUE APARTMENTS, INC., ET AL.
(12992)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and SCHALLER, Js.

Argued March 10—decision released April 21, 1987

*Francis T. Mandanici,* for the appellants (defendants).

*George J. Markley,* for the appellee (plaintiff).

PETERS, C. J. The principal issue on this appeal is whether the defendants implicitly consented to the reference of their case to an attorney referee by failing to object to the reference until after the referee had rendered his decision. The plaintiff, Andrew B. Bowman, brought an action in three counts against the defendants, 1477 Central Apartments, Inc. (1477 Central), and John C. Mandanici, Jr., president of 1477 Central. The action sought damages for the defendants' refusal to pay legal fees that they allegedly owed the plaintiff. The case was referred to attorney Phillip Baroff, an attorney referee appointed pursuant to General Statutes § 52-434 (a) (4).[1] Following a hearing and the submission of briefs by the parties, the referee issued a report finding for the plaintiff on all three counts of his complaint. The trial court, *Jacobson, J.,* rendered judgment in accordance with the referee's report. The defendants appealed to the Appellate Court. This court subsequently transferred the appeal to itself. We find no error.

The record discloses the following facts. From 1982 to 1984, the plaintiff, an attorney in private practice,

[1] General Statutes § 52-434 (a) (4) provides in relevant part: "STATE REFEREES. (a) APPOINTMENT OF RETIRED JUDGES AND MEMBERS OF THE BAR. CASES REFERRED. . . . (4) In addition to the state referees who are appointed pursuant to subdivision (1), (2) or (3) of this section, the chief justice may appoint, from qualified members of the bar of the state, as many state referees as he may from time to time deem advisable or necessary. No appointment of a member of the bar may be for a term of more one year."

rendered various legal services to the defendants. The plaintiff represented the defendant 1477 Central in connection with certain business matters. He also represented the defendant Mandanici in a criminal trial before the United States District Court for the District of Connecticut, and in the appeal of the judgment in that case to the Second Circuit Court of Appeals.

The plaintiff's complaint, dated April 9, 1985, alleged in the first count that the defendant 1477 Central had failed to pay $2112.50 in legal fees that it owed the plaintiff. In the second and third counts, the complaint alleged that the defendant Mandanici had failed to pay approximately $17,000 in legal fees that he owed for the plaintiff's services in connection with the criminal trial and the appeal, respectively. The defendants' answer admitted that the plaintiff had rendered legal services pursuant to the defendants' request, but denied that it owed the plaintiff any legal fees.

Following its assignment to the trial list, the case was referred to an attorney referee.[2] Neither party raised any objection to the referral, either before or during the hearing before the designated referee. Following the hearing, which took place on December 12 and 13, 1985, and the submission of posttrial memoranda of law, the defendants obtained, over the plaintiff's objection, permission to file an amended answer. The amended answer included a special defense to the third count of the complaint on behalf of the defendant Mandanici. The special defense alleged that the plaintiff had failed substantially to perform his agreement to represent the defendant Mandanici on the criminal appeal because he had failed to allow the defendant and his brother, Attorney Francis T. Mandanici, an opportunity to review and contribute to the appellate brief.

---

[2] The record does not indicate the date of the referral, or the name of the trial court that ordered it.

Thereafter, on April 1, 1986, the referee issued a report finding for the plaintiff on all counts and ordering the defendants to pay the plaintiff approximately $19,000, plus costs and interest. The defendants filed a motion to correct the report, which the referee denied.

On May 12, 1986, for the first time, the defendants objected to the referral of the case to an attorney referee. The defendants claimed that our decision in *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 508 A.2d 415 (1986), released on April 29, 1986, had "[made] it clear" that referral to the referee was improper without the consent of the parties. The defendants requested "that the matter be assigned to a *judge* for a full evidentiary trial ab initio." (Emphasis added.) The trial court, *Jacobson, J.,* overruled the objection. On June 10, 1986, the trial court rendered judgment for the plaintiff in accordance with the referee's report. This appeal followed.

On appeal, the defendants claim that the trial court erred in: (1) failing to obtain their consent before referring the case to an attorney referee, and overruling their post-report objection to the reference; (2) rendering judgment without ruling on the defendants' objections and exceptions to the referee's report; and (3) rendering judgment in accordance with the referee's finding that the defendant Mandanici had failed to prove his special defense. We will consider each of these claims in turn.

I

The defendants' first claim is that the trial court violated their state and federal constitutional rights by failing to obtain their consent to the referral of the case to an attorney referee.[3] See *Seal Audio, Inc.* v. *Bozak, Inc.,*

---

[3] In support of their claim, the defendants invoke the due process clauses of the federal and state constitutions; U.S. Const., arts. V, XIV; Conn. Const., art. 1, §§ 8, 10; and the equal protection clauses of both constitutions. U.S. Const., art. XIV; Conn. Const., art. I, § 20, and amend. XXI. The defendants also claim that they had a state constitutional right to have

supra. In *Seal Audio, Inc.*, we held that General Statutes § 52-434 (a) (4), governing the appointment of attorney referees, requires that the parties consent to the referral of their case to a referee. Id., 513–15. Our decision was based on the legislative history of the statute and the juxtaposition of § 52-434 (a) (4) with other portions of § 52-434 that specifically require such consent. Id., 512–14.[4] Because § 52-434 (a) (4) requires the parties' consent before a case may be referred to an attorney referee, we held, such referrals do not violate the parties' rights to due process of law. Id., 515.[5]

The defendants argue that because they never expressly consented to the referral of their case to an

their case heard before a judge nominated by the governor and appointed by the General Assembly, by virtue of the Connecticut Constitution, article fifth, § 2, as amended by amendment twenty, which provides: "Sec. 2. Section 2 of article fifth of the constitution is amended to read as follows: The judges of the supreme court, of the appellate court and of the superior court shall, upon nomination by the governor, be appointed by the general assembly in such manner as shall by law be prescribed. They shall hold their offices for the term of eight years, but may be removed by impeachment. The governor shall also remove them on the address of two-thirds of each house of the general assembly."

The defendants' claim based on article fifth, § 2, as amended, is disposed of by our opinion in *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 508 A.2d 415 (1986). See footnote 5, infra. As to the equal protection claim, the defendants do not argue that the statutory scheme for the referral of cases to referees, either facially or as applied in this case, establishes a classification, arbitrary or otherwise. See generally *State* v. *Reed*, 192 Conn. 520, 531, 473 A.2d 775 (1984). "Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. *Cheney* v. *Strasburger*, 168 Conn. 135, 142, 357 A.2d 905 (1975) . . . ." *Hayes* v. *Smith*, 194 Conn. 52, 66 n.12, 480 A.2d 425 (1984).

[4] General Statutes § 52-434 (a) (1) through (3), which provide for the appointment of retired judges as state referees, allow for references to such referees "with the written consent of the parties or their attorneys."

[5] We also held that, because attorney referees are factfinders with no power to render judgments, their appointments did not violate the Connecticut Constitution, article fifth, § 2. *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 507–508, 508 A.2d 415 (1986).

attorney referee, the referral deprived them of due process of law and other state and federal constitutional rights. We disagree. The defendants "utterly neglected" to raise the issue of their lack of consent until after the hearing had ended and the referee had filed his report. Id., 516. "[T]he failure to raise the issue of a referee's disqualification either before or during the trial 'can be construed as the functional equivalent of "consent in open court." ' " Id., 517, quoting *Timm* v. *Timm*, 195 Conn. 202, 205, 487 A.2d 191 (1985). The defendants, therefore, are deemed to have given their implicit consent to the referral by failing to raise their objection in a timely fashion. *Seal Audio, Inc.* v. *Bozak, Inc.*, supra; see also *Herrmann* v. *Summer Plaza Corporation*, 201 Conn. 263, 274, 513 A.2d 1211 (1986); *Timm* v. *Timm*, supra. The fact that the defendant did not *expressly* consent to the referral did not deprive the referee of authority to hear and decide the case. *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 516.

The defendants argue that their objection to the referral was timely because they raised it before the trial court rendered judgment. In *Seal Audio, Inc.*, by contrast, the defendant did not raise the issue of lack of consent until after final judgment had been rendered and an appeal filed. Id., 517. This is a distinction without a difference. If the defendants had objections to the referral, they were obliged to raise them "with reasonable promptness after learning the ground" for their objection. *Henderson* v. *Department of Motor Vehicles*, 202 Conn. 453, 462, 521 A.2d 1040 (1987); see *Postemski* v. *Landon*, 9 Conn. App. 320, 323, 518 A.2d 674 (1986); *Christ-Janer* v. *A.F. Conte & Co.*, 8 Conn. App. 83, 90–91, 511 A.2d 1017 (1986). The appropriate time to object in this case would have been at the time of the referral, or at least prior to the commencement of the hearing before the referee. "We have made it clear that we will not permit parties to anticipate a favorable deci-

sion, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 616, 236 A.2d 466 (1967); *Seal Audio, Inc.* v. *Bozak, Inc.*, supra. We conclude, in these circumstances, that the referral to an attorney referee did not deprive the defendants of their constitutional rights.[6]

## II

The defendants' second claim is that the trial court erroneously rendered judgment in accordance with the attorney referee's report without first ruling on their objections and exceptions to the report. The facts underlying this claim are as follows. After the referee had issued his report and denied the defendants' motion to correct the report, the defendants, within the time limits imposed by Practice Book §§ 439 and 441,[7] filed

[6] The defendants attempt to excuse their failure to object to the referral in a timely fashion by pointing out that our decision in *Seal Audio, Inc.*, was not released until April 29, 1986, after the attorney referee had rendered his decision. *Seal Audio, Inc.*, however, did not announce a new rule of law, but made clear that an existing rule, embodied in General Statutes § 52-434 (a) (4), required that referrals to attorney referees be made with the consent of the parties. The timing of *Seal Audio, Inc.*, has no bearing on our decision in this case.

The defendants also claim that the reference to an attorney referee deprived them of a hearing before an impartial arbiter, because the referee may have had an "unconscious bias" in favor of the plaintiff, "a brother [practicing] attorney." The defendants, however, raised no claim of bias at any time prior to the rendering of judgment. In fact, they expressly waived a potential conflict of interest claim based on the referee's prior representation of the defendant Mandanici. The defendants are therefore deemed to have waived any possible claim of bias. See Practice Book § 3063 (now § 4185); *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 517, 508 A.2d 415 (1986); *Timm* v. *Timm*, 195 Conn. 202, 205, 487 A.2d 191 (1985); *Krattenstein* v. *G. Fox & Co.*, 155 Conn. 609, 615-16, 236 A.2d 466 (1967).

[7] "[Practice Book] Sec. 439. EXCEPTIONS TO REPORT OR FINDING

"If a committee fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, file exceptions seeking corrections by the court in the report or finding. The court will not consider an exception unless

exceptions and objections to the report with the trial court. Before these papers had been filed, at a June 2, 1986 hearing on the defendants' objection to the referral, the trial court, after overruling the objection, was about to render judgment "as per the report [of the referee]." Defense counsel informed the court, however, that the defendants intended to file their exceptions and objections to the report later that day. The trial court said that it would rule on the exceptions and objections once they were filed and once the defendants had provided him with a transcript of the hearing before the referee. On June 10, 1986, the trial court formally rendered judgment in accordance with the referee's report.

On July 17, 1986, the defendants filed a motion with the trial court requesting it to articulate whether it had reviewed and ruled on the defendants' objections and exceptions, and reviewed the transcript of the hearing before the referee, before rendering judgment. The trial court denied the motion. Upon the plaintiff's motion, however, it agreed to reconsider its denial. At an August 21, 1986 hearing on the defendants' motion for articulation, the plaintiff's attorney pointed out that there was no indication on the record that the trial court had overruled the defendants' exceptions and objec-

its subject matter has been submitted to the committee in a motion to correct, provided that this requirement shall not apply to exceptions taken to corrections in the report or finding made after it was filed; nor will the court correct a finding of fact unless a material fact has been found without evidence or the committee has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear. A party excepting on these grounds must file with his exceptions a transcript of the evidence taken before the committee, except such portions as the parties may stipulate to omit."

"[Practice Book] Sec. 441. TIME TO FILE OBJECTIONS

"Objections to the acceptance of a report shall be filed within two weeks after the filing of the report or finding, or if a motion to correct the report or finding has been made, within two weeks from the filing of the decision on the motion."

tions, and suggested that this might have been the result of a clerical error. The trial court indicated that it would not have rendered judgment without first ruling on the defendants' objections and exceptions. The trial court said that its "normal procedure" was to issue such rulings before rendering judgment, adding: "Who can remember that far back, but I normally do that. So, I did it." The trial court indicated that the articulation hearing transcript would serve as its articulation.

The defendants claim that they were entitled to express prejudgment rulings from the trial court on their exceptions and objections, and that the trial court's articulation was an insufficient substitute for such express rulings. The defendants argue, therefore, that they were denied their state and federal constitutional rights to due process of law and the equal protection of the laws, and are entitled to a new trial before a "real judge." We disagree.

A party's right to object and except to a referee's factual findings includes the right to trial court rulings on these objections and exceptions before judgment is rendered. *Walker* v. *Ambulance Service of Manchester, Inc.,* 7 Conn. App. 191, 193, 508 A.2d 446 (1986). In *Walker,* on which the defendants rely, the Appellate Court held that, where the record revealed no evidence that a party's objection to a referee's report had been ruled upon prior to judgment, the objecting party was entitled to a new hearing on the objection. Id. In this case, by contrast, the record does contain evidence, adduced at the August 21, 1986 hearing on the defendants' motion for articulation, that the trial court did rule on the defendants' exceptions and objections prior to judgment. In the absence of a contrary showing by the defendants, we presume that the trial court's statement that it had overruled the defendants' exceptions and objections before rendering judgment was accurate. *State* v. *Jones,* 193 Conn. 70, 89 n.13, 475 A.2d

1087 (1984). Public officers acting in their official capacity are presumed to have acted legally and properly. *Brookfield* v. *Candlewood Shores Estates, Inc.,* 201 Conn. 1, 6, 513 A.2d 1218 (1986); *Parham* v. *Warden,* 172 Conn. 126, 134, 374 A.2d 137 (1976); *Connecticut State Employees Assn.* v. *Board of Trustees,* 165 Conn. 757, 766, 345 A.2d 36 (1974).

The defendants claim that the trial court's articulation was equivocal, not the "express ruling" to which they were entitled. Although the record of the articulation hearing indicates that the trial court had difficulty recalling whether it had ruled on the defendants' objections and exceptions, the trial court ultimately concluded that it had done so. The defendants concede that there is no direct evidence on the record to refute this conclusion. The mere fact that the rulings were never noted in the court file does not rebut the presumption of regularity afforded the official actions of the trial court. The record suggests that the absence of such notations was the result of a clerical error, rather than an omission by the trial court. We conclude, therefore, that the defendants have not met their burden of showing that the trial court failed to rule on their objections and exceptions before rendering judgment.[8]

---

[8] In their brief, the defendants suggest that their right to a prejudgment ruling on their exceptions and objections required that these matters appear and be heard on the short calendar before judgment. In this case, the matters at issue did appear on the short calendar, but not until after judgment had been rendered. At oral argument, however, the defendants expressly disavowed any claim that the absence of a short calendar hearing deprived them of legally protected procedural rights. We note, moreover, that the defendants raised no objection when the trial court indicated, at the June 2, 1986 hearing on the defendants' objection to the reference, that it would rule on the exceptions and objections as soon as it had received the papers and the transcript. Accordingly, the defendants are deemed to have waived any potential claim of prejudice arising from their deprivation of a prejudgment short calendar hearing. See Practice Book § 3063 (now § 4185); *Herrmann* v. *Summer Plaza Corporation,* 201 Conn. 263, 274, 513 A.2d 1211 (1986).

## III

The third and final claim on this appeal, raised solely on behalf of the defendant Mandanici (the defendant), is that the trial court erred in accepting, over the defendant's objections and exceptions, the referee's finding that he had failed to prove his special defense to the third count of the complaint.[9] That special defense alleged that the plaintiff had violated terms of his agreement to represent the defendant under which he was allegedly required to allow the defendant and his attorney brother to review and contribute to the appellate brief. The defendant claims that the evidence at trial indisputably shows that these terms were part of the agreement, and that the plaintiff failed to honor them. We disagree.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book, 1978, § 3060D [now § 4061]. This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of deci-

[9] In addition to challenging the trial court's judgment in this regard, the defendant claims error in the referee's finding on his special defense and his denial of the defendant's motion to correct this finding. The right of appeal, however, lies only from a "final judgment." Practice Book § 4000 (formerly § 3000). An attorney referee is "simply a factfinder whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 502, 508 A.2d 415 (1986). While we must consider the merits of the referee's findings in the course of reviewing the trial court's actions, the dispositive issue on appeal is whether the trial court erred in overruling the defendant's objections and exceptions and rendering judgment in accordance with the report. See *Midland Ins. Co.* v. *Universal Technology, Inc.*, 199 Conn. 518, 521–22, 508 A.2d 427 (1986).

sion are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, these facts are *clearly erroneous."* (Emphasis added.) *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Cookson* v. *Cookson,* 201 Conn. 229, 242–43, 514 A.2d 323 (1986).

The defendant's claim involves two principal questions: (1) whether the plaintiff's agreement to represent the defendant on the criminal appeal required an opportunity for the defendant and his brother to review and contribute to the appellate brief; and (2) whether the plaintiff breached the contract by failing to comply with these conditions. These are matters of contract interpretation, and questions of fact. *Finley* v. *Aetna Life & Casualty Co.,* 202 Conn. 190, 199, 520 A.2d 208 (1987); *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.,* 183 Conn. 266, 274–75, 439 A.2d 314 (1981). Our review of the record indicates that, contrary to the defendant's claim, conflicting evidence was adduced on these questions. Where the evidence is in conflict, its probative force is for the trier of fact to determine. *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 14, 420 A.2d 1142 (1979); *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.,* 7 Conn. App. 136, 140, 508 A.2d 43 (1986). The referee's factual findings in favor of the plaintiff on the third count of the complaint, and his concomitant finding that the defendant had not proved his special defense, were not unsupported or mistaken as a matter of law. See *Cookson* v. *Cookson,* supra, 243; *Koizim* v. *Koizim,* 181 Conn. 492, 498, 435 A.2d 1030 (1980). Because the referee's findings were not clearly erroneous, the trial court did not err in rendering judgment in accordance with the report.

There is no error.

In this opinion the other justices concurred.