## MAYFAIR ROOFING AND RENOVATING COMPANY *v.* RAMCO TECHNOLOGIES, INC.
### (7052)

BORDEN, DALY and JACOBSON, Js.

Submitted on briefs February 28—decision released June 5, 1989

*Karen D. Oestreicher* filed a brief for the appellant (defendant-third party plaintiff).

*Jane I. Milas* filed a brief for the appellee (third party defendant).

JACOBSON, J. The defendant-third party plaintiff Ramco Technologies, Inc. (Ramco), appeals from a judgment rendered for the plaintiff Mayfair Roofing and Renovating Company (Mayfair) on the plaintiff's original complaint, and for the third party defendant, the R. A. Civitello Company (Civitello), on Ramco's amended third party complaint. Ramco claims that the trial court erred in rendering judgment in accordance with the factfinder's findings of fact.[1] It argues that the court erred (1) in concluding that Civitello, the general contractor, was not obligated to pay the subcontractor Ramco for work performed by Ramco's sub-subcontractor, Mayfair, pursuant to a subcontract between Ramco and Civitello, and (2) in adopting factual findings that were clearly erroneous in view of the evidence and pleadings in the record. We find no error.

Certain facts are undisputed. The owners of a building in New Haven hired Civitello as general contractor to restore the building. By written agreement, Civitello engaged Ramco as subcontractor to perform cleaning and masonry work on the restoration project. Ramco thereafter engaged Mayfair as a sub-subcontractor, by written agreements, to perform the masonry work Ramco had promised to perform under the Civitello subcontract, leaving Ramco only the cleaning work to perform.

Ramco and Mayfair performed the work during the summer and early autumn of 1985. Mayfair sued Ramco to collect the balance of $6370 it alleged Ramco failed to pay under their agreement. Ramco impleaded Civitello, seeking to recover a balance of $8505 it claimed Civitello owed it under their contract.

The case was referred to a factfinder, who found the following relevant facts. Although Ramco and Mayfair

---

[1] Practice Book § 546D allows trial courts to refer certain contract actions with an amount in demand less than $15,000 to factfinders.

completed their work, the owners found some of the work unacceptable and refused to pay Civitello for the work deemed insufficient. The primary reason the owners found the work unacceptable was that a discoloration, or efflorescence, remained in the brick work of one of the building's chimneys after Ramco had completed its cleaning work. Ramco's general manager considered the masonry work performed by Mayfair to be acceptable to Ramco. He also claimed that the discoloration was caused by faulty construction of the chimney, the top of which had been rebuilt before the contracts involved in this action had been signed. Therefore, he claimed, his company was not at fault for the discoloration.

. The factfinder concluded that Ramco was obligated to pay Mayfair the amount claimed due, as provided for in the contract, because of a provision in their agreement that stated that if Ramco was not paid for any reason that was not the fault of Mayfair, then Mayfair would be paid. The factfinder also concluded that Civitello was not liable to pay Ramco for the amount claimed due because Ramco had not completely performed the cleaning it was obligated to perform under the contract. The factfinder found that "cleaning is defined in [the contract between Ramco and Civitello] . . . . It includes removal of stains and discolorations other than simple surface dirt. From the testimony and exhibits of Civitello, it is obvious that discoloration had not been removed . . . . Therefore, the work contracted for has not been completed . . . . Pursuant to paragraph 5[2] of the conditions set forth in the contract between Ramco and Civitello, Civitello has withheld payment from Ramco . . . . Therefore, the

---

[2] Paragraph five provides: "You, the sub-contractor are bound to the General Contractor in the same manner and in the same extent (insofar as applicable to the work performed by you or your agents) as the Contractor is bound to the Owners, including the schedule of, and manner of payments."

factfinder finds that . . . Civitello is not obligated to pay any monies to Ramco. Whether or not the prior condition of the chimney is the cause of the efflorescence is irrelevant. Ramco agreed to remove *any* discolorations contained in the masonry. There were no conditions attached." (Footnote added; emphasis in original.)

Ramco timely filed an objection to the acceptance of the findings of fact. The trial court thereafter rendered judgment in accordance with the findings of fact.[3] This appeal ensued.

Ramco's first claim is that the trial court erred in accepting the factfinder's conclusion that paragraph five of the subcontract between Civitello and Ramco excused Civitello from its obligation to pay Ramco for Mayfair's acceptable work. It argues that this conclusion was unsupported by the record and based upon insufficient evidence, because the factfinder did not refer to the contract between the owners and Civitello, which was not admitted into evidence. We do not agree.

The function of this court is to determine whether the trial court's findings are clearly erroneous. Practice Book § 4061; *Bowman* v. *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 256–57, 524 A.2d 610 (1987), quoting *Pandolphe's Auto Parts, Inc.* v. *Man-*

---

[3] Practice Book § 546J provides in relevant part: "After review of the finding of facts and hearing on any objections thereto, the court may take the following actions: (1) render judgment in accordance with the findings of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate.

"The court may correct a finding of facts at any time before accepting it, upon the written stipulation of the parties."

*chester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). When the facts underlying the court's decision are challenged, we must determine whether those facts are supported by the evidence and pleadings in the whole record. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra.

After examining all the evidence and pleadings in the record, we conclude that the factfinder had sufficient evidence to conclude that Civitello did not have to pay Ramco. He had before him evidence that Ramco's performance promised to Civitello, the cleaning and masonry work, had not been completed. One of the provisions in their agreement indicated that Ramco would be bound to the owners in the same manner as Civitello was bound to the owner, including the terms and manner of payments. The masonry and cleaning work was to be done in accordance with the plans and specifications prepared by the owners' architects, copies of which were provided to Ramco and Mayfair and made part of their contracts. Those specifications provided further evidence as to how Civitello was bound to the owners, and the definition of cleaning in the specifications was relied upon by the factfinder to find that Ramco had not fully performed under its subcontract with Civitello. "A party cannot recover on a contract unless he has fully performed his obligations under it, has tendered performance, or has some legal excuse for not performing." *Ravitch* v. *Stollman Poultry Farms, Inc.,* 165 Conn. 135, 328 A.2d 711 (1973).

Ramco suggests that it should be paid for the work Mayfair performed acceptably. The factfinder did not determine that Mayfair's part of the work that Ramco was obligated to perform for Civitello was acceptable to Civitello or to the owners; he found only that Mayfair's work was acceptable to Ramco. The factual con-

clusion of the factfinder that Civitello was justified in not paying Ramco was supported by the evidence. The judgment of the trial court in accordance with this particular fact was, therefore, not clearly erroneous.

Ramco furthers its attack on the finding that Civitello was justified in witholding payment to Ramco by arguing that paragraph five in their contract is a "pay when paid" clause, and cites cases from other jurisdictions in which enforcement of such a clause was relaxed by the court. We have reviewed the cases and find many of them concerned clauses with different language, and most, if not all, involved factual circumstances different from this case. Further, the courts decided those cases upon the premise that the parties' intentions were the controlling factor. See, e.g., *Thos. J. Dyer Co.* v. *Bishop International Engineering Co.,* 303 F.2d 655 (6th Cir. 1962). "Our Supreme Court has repeatedly held that 'what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.' *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.,* 183 Conn. 266, 274–75, 439 A.2d 314 (1981); *John F. Epina Realty, Inc.* v. *Space Realty, Inc.,* 194 Conn. 71, 78, 480 A.2d 499 (1984); *Gallicchio Bros., Inc.* v. *C & S Oil Co.,* 191 Conn. 104, 107, 463 A.2d 600 (1983)." *Eastern Bus Lines, Inc.* v. *Board of Education,* 7 Conn. App. 581, 584, 509 A.2d 1071 (1986). We have already articulated why the factfinder could reasonably have interpreted the evidence to find that Civitello did not have to pay Ramco for the work Ramco had failed to complete. There is no merit to the claim that the court misapplied the law to the facts found by the factfinder.

Ramco's final claim of error is that three of the express findings made by the factfinder are clearly erroneous in light of the evidence before the court. Our

review of the evidence has persuaded us that the challenged findings were not clearly erroneous.[4]

There is no error.

In this opinion the other judges concurred.

---

[4] For the first time in this case, Ramco argues on appeal that the trial court erred as a matter of law because contractors are not responsible for achieving impossible results when performing according to detailed specifications. Ramco claims that it cleaned the chimney on four occasions only to see the discoloration return and that the law does not require it to achieve an impossible result. The evidence before the factfinder, however, pursuaded him that Ramco had not fully performed its promised obligations as expressed in its contract with Civitello. The legal doctrine of impossibility was not part of this case as pleaded, tried and decided. We decide this case on the theory on which it was tried and decided in the trial court. *Sink* v. *Meadow Wood Country Estates, Inc.,* 18 Conn. App. 569, 574 n.2, 559 A.2d 725 (1989). We therefore decline to consider that claim.