STATE OF CONNECTICUT *v.* CHARLES BURKE
(8824)

SPALLONE, DALY and LAVERY, Js.

Argued October 31—decision released December 4, 1990

*Charles Burke,* pro se, the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Vicki O'Donnell* and *Margaret Flynn,* deputy assistant state's attorneys, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction, rendered after a jury trial, on three counts of failing to provide a fire alarm system in a rooming house in violation of the Connecticut Fire Safety Code, Chapter 20-3.3.1 and two counts of failing to provide a sleeping room with a door that is self-closing or automatic-closing upon smoke detection in violation of Chapter 20-3.4 of the code. In his numerous claims, the defendant has mounted a wholesale attack against the judicial system of this state including its prosecutors, judges and juries. We are not persuaded by the defendant's arguments and we affirm the judgment of the trial court.

The jury could reasonably have found the following facts. The defendant is the owner of three rooming houses located in East Hartford. On December 16, 1987, the fire marshal of East Hartford conducted an inspection of these premises pursuant to General Statutes § 29-305 which allows for the inspection of buildings and facilities by local fire marshals. Because the defendant refused to consent to these inspections they were conducted under the authority of administrative search warrants. At the time of the inspection, the defendant could not be located and force was necessary to obtain entry. Several fire safety code violations were discovered at the properties. A letter dated December 18, 1987, was sent to the defendant advis-

ing him that the listed violations were mandated to be corrected by December 29, 1987. On January 29, 1988, the fire marshal conducted a reinspection of the premises in order to determine if the violations were abated. Upon the discovery that certain violations remained uncorrected, the defendant was charged with those uncorrected violations. He was subsequently tried to a jury. Upon conviction, the defendant was sentenced to a total effective sentence of 330 days of incarceration and a $2500 fine. Thereupon, appearing pro se, he brought this appeal.

The defendant claims, inter alia,[1] that General Statutes § 29-305 is unconstitutional because it allows for an administrative search warrant to issue without probable cause; that only the United States Supreme Court has jurisdiction to hear his case; that the jury was unqualified, unfair, partial, and did not understand the supreme law of the land; and that the trial judge was unfair and by his actions "denied justice to the accused."

A plenary review of the record fails to disclose that the defendant has proven the unconstitutionality of General Statutes § 29-305[2] beyond a reasonable doubt.

---

[1] The defendant has not briefed certain other claims beyond a statement of the claim. These include: an objection "to the citing by the appellee's attorney of case decisions to support her argument"; whether the issues before the court were moot because the defendant allegedly corrected the violations after his arrest; and that the trial court improperly denied the defendant's motion for a new trial which was based on newly discovered evidence. Assignments of error that are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. *Bowman* v *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 250 n.3, 524 A.2d 610 (1987); *State* v. *Hall,* 17 Conn. App. 502, 518 n.8, 554 A.2d 746, cert. granted, 211 Conn. 807, 559 A.2d 1141 (1989).

[2] "[General Statutes (Rev. to 1987)] Sec. 29-305. INSPECTIONS BY LOCAL FIRE MARSHALS. REPORTS. Each local fire marshal and the state fire marshal, for the purpose of satisfying themselves that all pertinent statutes and regulations are complied with, may inspect in the interests of public

He has failed to overcome the presumption of the constitutionality of validly enacted legislation. See *State* v. *Breton,* 212 Conn. 258, 269, 562 A.2d 1060 (1989). Additionally, "[i]t is a settled rule of constitutional adjudication that a court will decide the constitutionality of a statute only as it applies to the particular facts at hand." *State* v. *Zach,* 198 Conn. 168, 176, 502 A.2d 896 (1985). A person to whom a statute was constitutionally applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to other persons or in other situations not before the court. *Broadrick* v. *Oklahoma,* 413 U.S. 601, 610, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973); *United States* v. *Raines,* 362 U.S. 17, 21, 80 S. Ct. 519, 4 L. Ed. 2d 524 (1960); *United States* v. *Smith,* 818 F.2d 687, 690 (9th Cir. 1987). Probable cause to issue a warrant to inspect for safety code violation "exist[s] if reasonable legislative or administrative standards for

---

safety all buildings and facilities of public service, all buildings and facilities used for manufacturing and all occupancies regulated by the fire safety code within their respective jurisdictions. Each local fire marshal shall inspect or cause to be inspected, at least once each calendar year and as often as may be necessary in the interests of public safety, all buildings and facilities of public service and all occupancies regulated by the fire safety code within his jurisdiction, and upon receipt by him of information from an authentic source that any other building or facility within his jurisdiction is hazardous to life safety from fire, he shall inspect such building or facility, and in each case shall satisfy himself that all pertinent statutes and regulations are complied with, and shall keep a record of such investigations. Such local fire marshal shall have the right of entry by himself or by his lawful agent at all reasonable hours into or upon any premises within his jurisdiction for the performance of his duties except that occupied dwellings and habitations, exclusive of common use passageways and rooms in tenement houses, hotels and rooming houses, may only be entered for inspections between the hours of 9 a.m. and 5 p.m., except in the event of any emergency requiring his immediate attention for safety to life, or in the interests of public safety. Each local fire marshal shall make a monthly report to the authority from which he received his appointment, and shall be paid for his services in making such inspections of buildings and facilities the compensation agreed upon with such appointing authority."

conducting an area inspection are satisfied . . . ." *Camara* v. *Municipal Court,* 387 U.S. 523, 538, 87 S. Ct. 1727, 18 L. Ed. 2d 930 (1967). Reasonable legislative standards include periodic annual inspections such as those authorized under this statute. Id. General Statutes § 29-305 is constitutional as applied in this case.

Our review of the record, transcripts and briefs in the light of those issues properly before us fails to reveal that the trial court's rulings were clearly erroneous or that the court abused its discretion. All other claims asserted by the defendant are also without merit.

The judgment is affirmed.