[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action in two counts. The first count claims a breach of a shipping contract and the second count alleges negligence on the part of the defendant.
The plaintiff, Jan M. Weinberg, alleges he is the sole shareholder of Marketing International, Inc., a Delaware corporation which conducted a video liquidation business in Stamford, Connecticut. Weinberg alleges that in August, 1992, the corporation assigned to him its claims against the defendant, United Parcel Service ("UPS").
In the complaint Weinberg alleges that in March, 1988, Marketing accepted a purchase order from Accurate Video to ship video tapes, cash on delivery, to Accurate Video at its address at 111-17 Liberty Avenue, Richmond hill, New York 11419. Marketing engaged the defendant for the shipping and entered into an agreement in which UPS agreed to transport the tapes C.O.D. to Accurate Video, only upon receipt by UPS from Accurate Video of cash or a valid cashier's check in the amount of $31,885.84. The complaint alleges that UPS breached the agreement by delivering CT Page 2623 the tapes without obtaining a valid cashier's check or cash, to the plaintiff's damage.
In the second count, Weinberg alleges that UPS acted, negligently when it accepted a document purporting to be a cashier's check which was a forged instrument.
UPS has filed an answer and several special defenses including an allegation that in a Local and Joint Parcel Tariff UPSN 201-E, filed with the Interstate Commerce Commission, which it claims to be part of the C.O.D. contract, a tariff item 480 relieves UPS from liability for the risk of nonpayment and forgery; an allegation that a tariff item 520 requires any claim against UPS to be filed in writing within nine months of the alleged delivery, so that the plaintiff is time barred for failure to timely file a claim; an allegation that the tariff item 520 requires any action shall be instituted within two years and a day from the day when notice, in writing, is given by the carrier to the claimant that a claim has been disallowed, so that the plaintiff is time barred for failure to timely file suit; an allegation of waiver, estoppel and laches and failure to mitigate damages; and finally, an allegation that the negligence action in the second count is barred by the statute of limitations, General Statutes § 52-577.
UPS has filed a motion for summary judgment on the ground that no genuine issue of material fact exists and it deserves judgment as a matter of law. Specifically, UPS cites three legal bases: first, the shipping contract bars this action; second, Weinberg ratified UPS's acts; and, third, the statute of limitations bars the negligence claim asserted in count two. With its memorandum of law, UPS also filed as exhibits the order invoice, relevant portions of the UPSN 201-E tariff, and the fraudulent cashier's check.
Weinberg filed a memorandum in opposition to the motion for summary judgment and an affidavit of facts. In his memorandum, Weinberg concedes that the statute of limitations bars count two, the cause of action based on negligence. The court will therefore grant summary judgment on count two.
The remainder of this opinion will address the two claims directed to count one, the cause of action for breach of contract, that the contract bars the action or that the plaintiff ratified the defendant's acts. CT Page 2624
 I.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). The moving party bears "the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. A material fact is one that will make a difference in the outcome of the case. Yanow v. TealIndustries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979). When reviewing the evidence presented by the parties, "the trial court must view the evidence in the light most favorable to the nonmoving party." Lees v. Middlesex Insurance Co., 229 Conn. 842,849-50, A.2d (1994).
 II.
In its memorandum of law, UPS argues that the shipping contract consists of the terms in the pick-up record, the C.O.D. tag and the Joint Parcel Tariff. The Joint Parcel Tariff is on file with the Interstate Commerce Commission and sets forth the rights and obligations of shippers and UPS. Citing PennsylvaniaR.R. v. Greene, 173 F. Sup. 657, 659 (S.D. Ala. 1959), Paulson v.Greyhounds Lines, Inc., 804 F.2d 506, 507-08 (8th Cir. 1986), andAchinson, Topeka, Santa Fe Ry. Co. v. Springer, 172 F.2d 346,349-50 (7th Cir. 1949), UPS argues that the tariff is part of the parties' contract.
UPS next argues that three provisions of the tariff prevent Weinberg from proceeding. First, tariff item 480 places the risk of loss for a fraudulent cashier's check on the shipper. Second, tariff item 520 requires the shipper to notify the carrier in writing about any problems within nine months after a reasonable, time for delivery has passed. This written notice is a condition precedent to bringing suit. Third, tariff item 520 also provides that a suit must be filed within two years and one day from when the carrier gives the shipper notice that the claim has been disallowed.
UPS asserts that no written notice in accordance with tariff CT Page 2625 item 520 was filed within nine months and the action was not commenced within the time period allowed by tariff item 520.
In response, Weinberg in his memorandum of law contends that the tariff is not part of the contract. Weinberg supports this argument with an affidavit that states "[t]he shipping contract consisted solely of the invoice . . ." (Weinberg affidavit ¶ 5.)
In his memorandum of law, Weinberg points out that Marketing did not receive a copy of the pick-up record or a copy of the tariff.
The extent and scope of the contract is an issue of fact that precludes summary judgment. "The interpretation of a contract . . . is generally a question of fact. Gurliacci v.Mayer, 218 Conn. 531, 567, 590 A.2d 914 (1991); Bowman v. 1477Central Avenue Apartments, Inc., 203 Conn. 246, 257, 524 A.2d 610
(1987)." Sagamore Group, Inc. v. Commissioner of Transportation,29 Conn. App. 292, 298, 614 A.2d 1255 (1992). The parties in this case are in dispute as to whether the tariff is part of the contract.
The cases cited by UPS do not stand for the proposition that, all shipping agreements include, as a matter of law, the provisions of the tariff that set forth the procedure for filing a claim. In Greene, the court held that the shipper's counterclaim was barred because of "Section 2(b) of the `Contract Terms and Conditions' portion of the bill of lading."Pennsylvania R.R. v. Greene, supra, 173 F. Sup. 659. In Paulson,
the shipper had sued the carrier for breaching a promise to deliver goods before a certain time. Paulson v. Greyhound Lines,
Inc., supra, 804 F.2d 506. The court found that the "receipt/busbill [the plaintiff] received incorporated the tariff." Id., 507. These cases support the proposition that when a shipper is alerted to the tariff, the shipper is held to the terms the tariff contains.
In Achinson, the court stated "[t]he Interstate Commerce Act, 49 U.S.C.A. § 6(7), supra, as applied to the Santa Fe and the shipment in question prohibited the carrier from engaging in the transportation of property unless the charges therefor were published in its tariffs, and from extending to appellee, as shipper, any privileges of facilities in the transportation of property, except such as were therein specified." Achinson,CT Page 2626Topeka and Santa Fe Ry. Co. v. Springer, supra, 172 F.2d 350.Achinson holds that carriers cannot agree to contracts that violate the Interstate Commerce Act. Achinson does not apply to this case because the contract terms must be defined before a question of legality can be resolved.
Therefore, summary judgment can not be granted based on the argument that the contract bars the action because the parties dispute what the contract is. See Finley v. Aetna Life CasualtyCo., 202 Conn. 190, 199, 520 A.2d 208 (1987) (holding that whether the parties entered into a contract is a question of fact.)
 III.
The court next addresses the argument regarding the claim of ratification.
In its memorandum of law, UPS argues that by accepting the cashiers' check and attempting to deposit it, Weinberg ratified UPS's acts. UPS argues that when a principal ratifies the acts of its agent, the principal adopts the acts as its own. In his memorandum of law in opposition, Weinberg contends that a material issue of fact exists whether he ratified UPS's acts. Weinberg's affidavit states that before "accepting and depositing the cashier's check, Marketing was not aware that (a) UPS had delivered the videos to Accurate Gold and Silver, (b) a sign at the premises identified the store as `Accurate Gold and Silver', (c) that no business located on the premises appeared to engage in video sales, rentals, or distribution, or (d) that UPS failed to verify that the check was drawn on a local bank." (Weinberg affidavit ¶ 23.)
"Ratification is defined as `the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account.' Restatement (Second), 1 Agency § 82 (1958). Ratification requires acceptance of the results of the act with an intent to ratify, and with full knowledge ofall the material circumstances." (Emphasis in original; internal quotation marks omitted.) Russell v. Dean Witter Reynolds, Inc.,200 Conn. 172, 185, 510 A.2d 972 (1986). "Ratification is a question of fact." Bank of Montreal v. Gallo, 3 Conn. App. 268,276, 487 A.2d 1101, cert. denied, 195 Conn. 803, 491 A.2d 1103
(1985). CT Page 2627
Summary judgment cannot be granted on the ground of ratification. There are disputed issues of material facts. The trier of fact will have to resolve whether Weinberg intended to ratify UPS's acts and whether, if he did intend to ratify, Weinberg acted with the full knowledge of all the material circumstances.
 IV.
Accordingly, summary judgment is not be granted on count one based on either the shipping contract or ratification. Summary judgment is, however, entered on count two based on the statute of limitations.
NIGRO, J.