[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, who is in the printing business, is Kjell J. Anderson, d/b/a A.B. Expert Images, located in Westport, and the defendants are Marilyn Lyons, d/b/a Medicanix, John Lyons, d/b/a Mediproducts, and Autoclave Testing Service, Inc., all of the same address in Stamford. The plaintiff alleges that the defendants were indebted to him in the amount of $2,475 "for merchandise and services purchased" in 1997.
The defendants filed an answer denying that they owed the plaintiff any money. The defendants also filed a revised "counter complaint" dated July 31, 1997, alleging that the plaintiff had performed printing services in an unsatisfactory and negligent manner, and had retained certain artwork and mailing lists belonging to the defendants. The defendants claimed compensatory damages of approximately $8,500, plus damages as authorized by General Statutes § 42-110g et seq., the Connecticut Unfair Trade Practices Act (CUTPA).
Pursuant to General Statutes § 52-549n and Practice Book §23-53, the case was referred to a fact-finder, Attorney Myra L. Graubard. The fact-finder issued a report containing the following findings of fact: (1) the defendants asked the plaintiff to design and print a "nesting set," consisting of an outer envelope, a multiform and a return envelope, to be sent to offices of doctors and dentists; (2) the plaintiff gave the defendants a quotation of $1,280 for this work, to which the defendants agreed; (3) the defendants refused to accept the nesting sets, claiming that they contained an extra fold in the multiform; (4) the extra fold was in fact needed and the multiform and envelopes complied with the specifications contained in the quotation/order form given by the plaintiff to the defendants; (5) in April, 1997, the defendants ordered From the plaintiff brochures announcing their new address, but the plaintiff did not complete this work as there was a dispute about payment for the nesting set; (6) the plaintiff provided a logo for Medicanix for $376.30, which the defendants did not pay; (7) the defendants provided the plaintiff with 4,000 labels to be used to mail the brochures, which the plaintiff did not return, and the defendants are entitled to a credit of $255; (8) the parties agreed CT Page 12236 that the defendants were entitled to another credit of $47.50; and (9) the invoice presented to the defendants indicated that interest would be payable at one and a half percent per month on any unpaid balance.
The fact-finder concluded, on the basis of the above findings of fact, that: (1) the defendants breached the contract by not paying the plaintiff what was due him, i.e., $1,656.30, less a credit of $255 for the labels he retained, or a total of $1,401.30; (2) this amount was subject to interest from May 1, 1997, to the date of the trial on January 19, 2001, which interest amounts to $937.58, for a total of $2,338.88, less an agreed credit of $47.50, or a final total due the plaintiff in the amount of $2,291.38; and (3) the defendants failed to prove their counterclaim, including the allegations regarding CUTPA.
The defendants filed an objection to the fact-finders report as authorized by Practice Book § 23-57.[1] The defendants claim that: (1) the plaintiff committed unfair trade practices by recommending certain sizes for the nesting set that he knew would not fit; (2) no interest should be charged because the delay in trying the case was the fault of the plaintiff, and also because interest was not on the quotation form given to the defendants; (3) payment for the logos in the amount of $376.30 was made by the defendants; (4) the defendants., were damaged by the refusal to return the logos; and (5) the nesting set was designed in a faulty, unprofessional manner because the extra fold was not ordered or approved.
When reviewing reports of fact-finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 23-58.
The case of Killion v. Davis, 257 Conn. 98, 102-103, ___ A.2d ___
(2001), holds that the court's role in reviewing an attorney trial referee's report is as follows: first, "the trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report." Second, the court must insure that the report does not contain "legal conclusions for which there are no subordinate facts." Third, the report must be reviewed to determine if it is "legally and logically correct." CT Page 12237
Other principals governing attorney trial referee reports provide that: "A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees." (Citations omitted.) Wilcox Trucking, Inc. v. MansourBuilders, Inc., 20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied,214 Conn. 804, 573 A.2d 318 (1989). Furthermore, "attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court." (Internal quotation marks omitted.) Id., 423-24.
The findings of fact in a contract action, such as this case, should be overturned "only when they are clearly erroneous." Wilcox Trucking, Inc.v. Mansour Builders, Inc., supra, 20 Conn. App. 425. A fact-finders recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Id.
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert,28 Conn. App. 693, 704-705, 613 A.2d 1336, cert. denied, 224 Conn. 901,615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416,122 L.Ed.2d 786 (1993). A reviewing court should not retry the facts or assess the credibility of the witnesses, because the "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Id., 706.
Two key issues in this case are whether the parties entered into a contract and if so, what their respective obligations were. "Whether and on what terms a contractual commitment has been undertaken are ultimately questions of fact for the trier of fact." Presidential Capital Corp. v.Reale, 231 Conn. 500, 506-07, 652 A.2d 489 (1994). The remaining issue is whether the contract was breached. It is well recognized that whether a contract has been breached is an issue of fact for the trier of fact.Bowman v. 1477 Central Avenue Apartments, Inc., 203 Conn. 246, 257,524 A.2d 610 (1987).
Based upon a review of the report, the court finds that the fact-finder's conclusions and recommendations are supported by the subordinate facts that she found.[2] The factual findings concerning the conformity of the nesting set with the requirements of the quotation and that the extra fold was necessary are quintessentially factual findings that cannot be disturbed by this court. The conclusion that the CT Page 12238 defendants were obliged to pay the plaintiff the sum of $2,291.38 follows logically and legally from the finding by the fact-finder that the printing job conformed to the contract and that the defendants were in breach of contract by not paying the plaintiff what was due him. In terms of the conclusion that the defendants had not proved their CUTPA claim, it is well known that whether a practice or action is unfair and violates CUTPA is an issue of fact. Paulus v. Lasala, 56 Conn. App. 139, 153,742 A.2d 379, cert. denied, 252 Conn. 928, 746 A.2d 788 (2000).
Accordingly, judgment enters in favor of the plaintiff to recover from the defendants $2,291.38 as damages, including interest. Costs are to be taxed in favor of the plaintiff by the office of the chief clerk in accordance with General Statutes § 52-257 and Practice Book §18-5.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of August, 2001.
William B. Lewis, Judge