[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case, which was tried by an attorney trial referee, involves a dispute about payment for accrued but unused vacation time. The plaintiff is Margaret A. Wright, who filed a one count complaint alleging that she had been employed by the defendant, The Rugged Bear, Inc., a children's clothing store, for about seven and a half years. The plaintiff further alleged that during that period of employment, she never took a vacation and that her accrued and unused vacation, at the rate, more or less, of two weeks a year, amounted to a total of thirteen weeks. The plaintiff sought money damages and double damages pursuant to General Statutes § 31-72.[1]
The defendant denied the material allegations of the complaint, except to agree that the plaintiff's employment had been terminated on or about January 17, 2000. The defendant also filed a special defense that the plaintiff's claim was barred by the applicable statute of limitations.
The case was referred to an attorney trial referee, Heather M. Brown, Esquire, as authorized by General Statutes § 52-434 (a)(4) and Practice Book § 19-2A. The attorney trial referee conducted a trial and then submitted a report to the court containing her factual findings, conclusions and recommendations as required by Practice Book § 19-8.
The attorney trial referee made the following factual findings: (1) the plaintiff, an "at will" employee, who managed the defendant's store in Darien, accrued thirteen weeks of vacation during her employment; (2) the plaintiff did not request any vacation during the seven or 8 years she was employed by the defendant; (3) at the time the plaintiffs employment was ended she was compensated for a few weeks of accrued vacation, but that was done by the defendant on a voluntary basis accrued but unused vacation until it published an employee manual on April 1, 1998, which stated that: "unused vacation time does not carry over year-to-year (i.e. use it or lose it);" (5) although General Statutes § 31-76k[2]
CT Page 16512 was mentioned in the brief filed by the plaintiff, there was no such reference in her complaint; and (6) the defendant employer did not have a policy to pay discharged employees for their accrued vacation time and did not do so in the past except occasionally at its sole discretion.
Based on these findings of fact, the attorney trial referee concluded that: (1) reliance on General Statutes § 31-72 was misplaced because vacation pay did not constitute "wages;" and (2) since the employer was not obliged to compensate the plaintiff for accrued and unused vacation pay, because it did not have a policy agreeing to do so, the referee recommended that judgment enter for the defendant.
The plaintiff's objections to the attorney trial referee's report and recommendations, which are authorized by Practice Book § 19-14,[3]
may be summarized as follows: (1) the defendant's payment to the plaintiff for several weeks of unused vacation at the time of her discharge was not discretionary as determined by the attorney trial referee, but rather manifested a policy to reimburse former employees for accrued vacation time; and (2) the plaintiff had received personal assurances from the defendant that she would be compensated for her unused vacation.
Practice Book § 19-17(a) concerns the function of this court in reviewing reports of attorney trial referees and provides that: "[t]he court shall render such judgment as the law requires upon the facts in the report. If the court finds that the . . . attorney trial referee has materially erred in its rulings or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another. . . attorney trial referee. . . for a new trial or revoke the reference and leave the case to be disposed of in court."
The court's role in reviewing an attorney trial referee's report is as follows: first, "the trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report." Second, the court must insure that the report does not contain "legal conclusions for which there are no subordinate facts." Third, the report must be reviewed to determine if it is "legally and logically correct." (Internal quotation marks omitted.)Killion v. Davis, 257 Conn. 98, 102-103, 776 A.2d 456 (2001).
Other principles governing attorney trial referee reports provide that: "A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court. . . the Appellate Court. . . or CT Page 16513 the Superior Court reviewing the findings of . . . attorney trial referees." (Citations omitted.) Wilcox Trucking, Inc. v. MansourBuilders, Inc., 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). A fact finder's recommendations should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Id.
In terms of the objections filed by the plaintiff, it is evident that the underlying issue in this case is whether the defendant employer had a policy to reimburse a discharged employee for accrued vacation pay. The attorney trial referee determined as a fact that the defendant did not have such a policy.
Therefore, the first issue in this case is whether there was sufficient evidence and testimony on which the attorney trial referee could base her factual conclusion that the plaintiff was not entitled to accrued vacation pay. The transcript of the trial indicates that there is indeed sufficient evidence to justify the findings of the attorney trial referee to that effect.[4] Moreover, "[w]hether and on what terms a contractual commitment has been undertaken are ultimately questions of fact for the trier of fact." Presidential Capital Corp. v. Reale,231 Conn. 500, 507, 652 A.2d 489 (1994). The findings of fact in a contract action, such as this case, "should be overturned only when they are clearly erroneous." Wilcox Trucking, Inc. v. Mansour Builders, Inc., supra, 20 Conn. App. 425. It is well recognized, furthermore, that whether a contract has been breached is an issue of fact for the trier of fact. Bowman v. 1477 Central Avenue Apartments, Inc., 203 Conn. 246,257, 524 A.2d 610 (1987).
It is quite evident that the attorney trial referee chose to believe the testimony offered by the defendant and not the testimony of the plaintiff regarding company policy for payment of accrued vacation to a discharged employee. "The finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, 28 Conn. App. 693, 706,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786 (1993).
It is true that the attorney trial referee heard contrary testimony from the plaintiff regarding promises made to her about reimbursement for unused vacation, but the referee obviously relied on the testimony of the defendant and its witnesses. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was CT Page 16514 precisely her function as a fact finder." Nor'easter Group, Inc. v.Colossale Concrete, Inc., 207 Conn. 468, 473, 542 A.2d 692 (1988). "[C]redibility is a matter for the trier of fact to determine. In a [proceeding] tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . Where there is conflicting evidence. . . we do not retry the facts or pass on the credibility of the witnesses. . . . The probative force of conflicting evidence is for the trier to determine." (Internal quotation marks omitted.) State v. Nelson, 67 Conn. App. 168,179, 786 A.2d 1171. (2001).
Because the factual findings of the attorney trial referee are unchallengeable in this case, the only remaining task for the court is to determine whether the report is "legally and logically correct." SeeMeadows v. Higgins, 249 Conn. 155, 170, 733 A.2d 172 (1999). "The court shall render such judgment as the law requires upon the facts in the report." Practice Book § 19-17(a).
The attorney trial referee, on the basis of the facts that she found regarding the defendant's policy not to pay for accrued vacation was justified, both legally and logically, in concluding that the plaintiff had not sustained her burden of proof. This case does not present issues of law, but rather a factual question involving company policy. There was more than sufficient evidence to justify the referee's finding regarding such policy. Therefore, the report of the attorney trial referee is accepted and judgment may enter for the defendant. Costs are to be taxed in favor of the defendant by the clerk of this court in accordance with General Statutes § 52-257 and Practice Book § 18.5.
So Ordered. Dated at Stamford, Connecticut, this 20th day of December, 2002.
 ___________________ William B. Lewis, Judge (T.R.)