[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Alan Haesche, has filed exceptions to the ruling of an Attorney Trial Referee ("ATR") denying his motion to correct his report, in which the ATR recommended that judgment enter in favor of the defendant. The defendant objects inter alia, that the exceptions were not filed within ten days of the ruling, as required by 439 P.B.
Timeliness, of Filing CT Page 4126
The court file reveals that the report of the ATR was filed with the court on July 13, 1992. On July 20, 1992, the plaintiff filed a motion to correct the report. The ruling of the ATR denying this motion was filed in the clerk's office on September 25, 1992, but through some error it was not sent to counsel of record until February 11, 1993. The parties agree that February 11, 1993 should be considered the date of the decision the motion to correct pursuant to 439 P.B The exceptions to the ruling denying the motion to correct were filed on February 22, 1993. That date is more than ten days after February 11, 1993; however, since the tenth day was a Sunday, the plaintiff urges that the exceptions are timely filed.
Section 405 P.B. provides that if the last day for filing any matter in the clerk's office falls on a day when the office is not open, then the last day for filing shall be the next business day upon which the clerk's office is open.
Accordingly, the exceptions to the denial by the ATR of the motion to correct are timely filed.
The plaintiff also filed an objection to the acceptance of the report pursuant to 440 P.B. That objection, though dated March 10, 1993, was filed on March 29, 1993. Section 441 P.B. requires that objections to the acceptance of a report "shall be filed within two weeks after the filing of the report or finding, or if a motion to correct the report or finding has been made, within two weeks from the filing of the decision on the motion." The objection to acceptance of the report was clearly filed more than two weeks after the filing of the decision on the motion to correct, that is February 11, 1993. If the "decision on the motion to correct" referred to in 441 P.B. is assumed to be the ATR's decision on that motion, the objection would be untimely. Because 439 P.B. provides for exceptions from the ruling of the ATR on the motion to correct, it appears sensible to read 439, 440, and 441 together as providing that where exceptions are filed to the ATR's ruling on the motion to correct, the fourteen-day deadline begins to run from the date the court rules on the exceptions, since the ruling of the ATR is not final on the issues raised in a motion to correct until the motion excepting from the ruling is decided. See Walker v. Ambulance Service of Manchester, Inc., 7 Conn. App. 191 (1986). Accordingly, the court finds that the objection to acceptance of the report is not late but premature. CT Page 4127
Merits of the Exceptions to Ruling on the Motion to Correct
After the ATR filed the report, the plaintiff filed a motion to correct. The motion is diffuse and not well organized, however its gravamen appears to be that the ATR failed to make findings as to the elements of each of the three counts of the complaint.
The complaints alleged, in essence, that the boat bought by the plaintiff from the defendant on an "as is" basis failed to operate after a period of use. The first count alleged breach of contract, the second alleged breach of warranty of merchantability, and the third alleged a violation of the Connecticut Unfair Trade Practice Act.
The key finding of the ATR, sufficient to dispose of all these counts, was his finding that the only expert witness on the causation of the engine failing, Philip Gaudreau Jr., "stated that there could have been numerous reasons why the engine malfunctioned, including the age of the engine." Scrutiny of the testimony of this witness, especially his answers on cross examination, supports the ATR's finding that the expert did not credibly support the plaintiff's theory of causation in preference to other sources of the breakage in the piston, including wear and age. The ATR noted that the expert had not inspected the engine until almost two years had passed since the claimed malfunction.
While it would have been preferable to include an explicit finding that the condition of the engine and the plaintiff's damages had not been proven to have resulted from any action of omission of the defendant, the ATR unmistakably made that inference and rejected all of the plaintiff's claims because he found that causation was not established.
The plaintiff's motion seeking an order requiring the ATR to correct his report is denied.
Beverly J. Hodgson Judge of the Superior Court CT Page 4128