### STATE OF CONNECTICUT v. ONE 1987 CHEVROLET CAMARO (9179)

DUPONT, C. J., FOTI and LANDAU, Js.

Argued December 5, 1990—decision released January 8, 1991

*Paul J. Yamin,* for the appellant (Lorraine Dumchowski).

*James M. Ralls,* deputy assistant state's attorney, with whom, on the brief, were *John Connelly,* state's attorney, and *Edward Ricciardi,* assistant state's attorney, for the appellee (state).

FOTI, J. The state commenced this in rem action pursuant to General Statutes § 54-33g (a) against an automobile used in the commission of various criminal offenses. On March 19, 1990, the state and the owner of the automobile, through her counsel, entered into a stipulation that led to a judgment declaring the vehicle a nuisance and ordering it forfeited. On April 9, 1990, the owner of the automobile, whose son was charged with committing a criminal offense with the vehicle, filed a motion, through substitute counsel, to open the judgment, and on May 4, 1990, after a hearing, the court denied the motion. The owner appealed the denial. She alleges that the trial court abused its discretion in refusing to open the judgment because she was not present in court during the in rem proceeding, and the disposition was without her knowledge of the nature of the proceedings and without the full knowledge of the underlying facts upon which the proceedings were predicated.

We must consider the owner's claim with due regard to the limited nature of our review of motions to open arising under Practice Book § 326. " 'A motion to open and vacate a judgment filed during the four months after [the] judgment was rendered is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action.' " (Citations omitted.) *Acheson* v. *White,* 195 Conn. 211, 214–15, 487 A.2d 197 (1985), quoting *Celanese Fiber, Division of Celanese of Canada, Ltd.* v. *Pic Yarns, Inc.,* 184 Conn. 461, 466–67, 440 A.2d 159 (1981).

Viewed against this background, we must determine whether the owner's claims that she did not understand the nature of the proceedings and that the judgment was rendered without her full knowledge and consent are supported in the record, so as to compel our concluding that the court's findings are clearly erroneous. Practice Book § 4061.

The trial court heard testimony from the owner and from the attorney who represented her in the in rem proceeding. The attorney testified that he had discussed with her the agreement and the ramifications as they involved her and her son, who had allegedly used the car for criminal purposes, that she agreed to the stipulated judgment and was aware of the consequences, favorable and unfavorable in both the civil and criminal matters. The court found "that there was an agreement reached with the state. That was communicated to her, and that she was aware of the result, the deal, the disposition that was entered into by her attorney and thus by her."

The trial court was entitled, in its role as arbiter of credibility, to believe the attorney's testimony that the owner knew about, fully understood and agreed to the stipulated judgment. See *Varley* v. *Varley,* 189 Conn. 490, 493, 457 A.2d 1065 (1983). The trial court might reasonably have concluded that her consent to the stipulated judgment was motivated by her concern for a favorable outcome of her son's criminal matter. The trial court obviously found the testimony of the attorney to be credible.[1] We therefore conclude that the owner did not sustain her burden of demonstrating that the trial court abused its discretion in denying her motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] The owner did not seek an articulation of the trial court's decision.