CITY OF STAMFORD *v.* ZDRAVKO KOVAC
(11526)

DALY, FREEDMAN and SCHALLER, Js.

Argued April 30—decision released June 15, 1993

*Sigmund L. Miller,* with whom, on the brief, was *Joseph A. Maker,* for the appellant (defendant).

*James V. Minor,* assistant corporation counsel, with whom, on the brief, was *Daniel M. McCabe,* corporation counsel, for the appellee (plaintiff).

FREEDMAN, J. The dispositive issue in this appeal is whether a trial court must hold a hearing on a party's seasonably filed exceptions and objections with respect to the acceptance of the report of an attorney trial referee. Because we conclude that Practice Book § 442[1]

---

[1] Practice Book § 442 provides: "After the expiration of two weeks from the filing of the report, if no motion to correct and no objections to the report have been filed and no extension of time for filing either has been granted, either party may, without written motion, claim the case for the

requires a hearing on such exceptions and objections, we reverse the judgment and remand the case to the trial court for the purpose of permitting the defendant to present oral argument on his exceptions and objections.

This is an action to enjoin claimed violations of the Inland Wetlands and Watercourses Act, General Statutes §§ 22a-36 through 22a-45, as well as local regulations that implement that act. Without first hearing oral argument from the defendant on his exceptions and objections, the trial court rendered judgment pursuant to an attorney trial referee's report and supplemental report finding that fill was unlawfully placed within twenty-five feet of wetlands on property owned by the defendant in Stamford. The court accepted the reports of the referee and ordered extensive injunctive relief, imposed a fine and entered an award of attorney's fees and costs against the defendant. On appeal, the defendant claims that the trial court improperly (1) denied his objection to a trial before an attorney trial referee, (2) denied his exceptions and objections to the referee's reports without permitting him the opportunity to present oral argument, (3) sustained the trial referee's preclusion of testimony by certain expert witnesses, (4) found a violation of the inland wetlands statute, and (5) awarded (a) costs, fees and expenses that included the overhead costs of the municipal enforcement agency and (b) attorney's fees for services performed by salaried city attorneys.

---

short calendar for judgment on the report of the committee, provided, if the parties file a stipulation that no motion to correct or objections will be filed, the case may be so claimed at any time thereafter. *If exceptions or objections have been seasonably filed, the case should be claimed for the short calendar for hearing thereon; and the court may, upon its decision as to them, forthwith direct judgment to be rendered.* " (Emphasis added.)

This rule of practice, governing procedure in matters referred to committees, is also applicable to matters referred to attorney trial referees. *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 502–503, 508 A.2d 415 (1986).

Before addressing the issue of whether the trial court's failure to hear oral argument from the defendant requires that we reverse the judgment and remand the case to the trial court for a hearing on the defendant's exceptions and objections to the referee's reports, we must first address the defendant's claim that the trial court improperly denied his objection to the reference of the case to an attorney trial referee. We address this claim first because, if it is successful, this claim would require that we reverse the judgment, declare the reference invalid and remand the case for a trial to the court.

The following facts are relevant to this claim. The plaintiff commenced this action by writ, summons and complaint returnable on May 16, 1988. The defendant, represented by attorney L. Morris Glucksman, filed his answer and claimed the case for the trial list on December 4, 1989. At some time thereafter, the parties were notified that the case would be assigned to an attorney trial referee unless there was an objection. Neither party objected at that time. The case was scheduled for trial before an attorney trial referee several times during 1990, but no trial was commenced because, at one point, the parties appeared to have reached a tentative settlement and because, later, the defendant's counsel was not ready to proceed when the settlement fell through. On December 17, 1990, the trial court, *Katz, J.*, allowed Glucksman to withdraw his appearance on behalf of the defendant, subject to the defendant's being notified that a firm trial date would be set. On December 19, 1990, attorney Sigmund L. Miller filed his appearance on behalf of the defendant in lieu of Glucksman. On the same date, the parties were notified that the matter was assigned for trial before an attorney trial referee on January 17, 1991. On January 15, 1991, the trial court, *Katz, J.*, denied the defendant's December 26, 1990 request for a con-

tinuance. On January 17, 1991, the defendant filed a written "objection" to trial before an attorney trial referee. On the same date, after hearing from the parties, the trial court, *Lewis, J.,* denied the defendant's request to have the case tried before the court because "consent was given at the time of the calendar call" and because the objection was "too late on the eve of trial."

It is well established that consent of the parties is required for a reference to an attorney trial referee. *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 515, 508 A.2d 415 (1986). A party, however, is "deemed to have given [its] implicit consent to the referral by failing to raise [its] objection in a timely fashion." *Bowman* v. *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 251, 524 A.2d 610 (1987).

The defendant contends that his objection to the reference, made on the date the hearing before the referee was to commence, was timely under our case law and was sufficient to revoke the reference. It is clear that the defendant's objection was timely. Our cases have determined that while it is too late to attack the reference after trial to the referee and the filing of the referee's report; id.; *Rowan Construction Corporation* v. *Hassane,* 17 Conn. App. 71, 79, 549 A.2d 1085 (1988), aff'd, 213 Conn. 337, 567 A.2d 1210 (1990); "[t]he appropriate time to object . . . [is] at the time of the referral, or at least prior to the commencement of the hearing before the referee." *Bowman* v. *1477 Central Avenue Apartments, Inc.,* supra.

While *Bowman* clearly permits an objection to be filed after the time of referral and before the commencement of the hearing before the referee, it does not indicate what consequences follow from an objection made at that stage of the proceedings. Here, the defendant consented to a trial before an attorney trial referee by

his failure to object at the time of the referral. Id. Once the referral was made with the express or implied consent of the parties, the reference may be revoked thereafter only "upon stipulation of the parties or order of court." Practice Book § 432. If a party can, by its objection alone, unilaterally revoke a reference to which it has previously consented or failed to object, the purpose of the reference will not be served. See *Bray* v. *English,* 1 Conn. 498, 501–502 (1816). In the absence of a stipulation of both parties that the case should not be tried before an attorney trial referee, the defendant's objection was properly addressed to the discretion of the court to revoke the reference for good cause shown. *Dion* v. *Dion,* 128 Conn. 416, 419, 23 A.2d 314 (1941). We conclude, under the circumstances of this case, that the trial court did not abuse its discretion in refusing to revoke the reference where the matter had been previously scheduled several times for trial before an attorney trial referee with the consent of the parties, only to be continued to a later date, and where the objection was made on the date of trial after the court had ordered no further postponements.

We now address the defendant's claim that the trial court improperly rendered judgment accepting the referee's initial and supplemental reports without permitting the defendant the opportunity to present oral argument on his exceptions and objections to the reports. We note that our Supreme Court expressly declined to decide this issue in *Bowman* v. *1477 Central Avenue Apartments, Inc.,* supra, 255 n.8.

The following facts are relevant to our resolution of this issue. After the referee filed his reports, the defendant timely filed exceptions and objections to the reports of the attorney trial referee pursuant to Practice Book §§ 439 and 440, respectively. At the bottom of the first page of his exceptions to the reports of the referee, the defendant specifically noted that "[o]ral

argument [is] requested." Thereafter, the matter appeared on a short calendar list. According to the defendant, because the parties informed the court that the hearing on the motions was going to be lengthy, the trial court, *Mottolese, J.*, indicated that it would schedule the matter for an afternoon hearing some time thereafter and would notify the parties. According to the plaintiff, the court informed the parties that it would schedule oral argument only if it had questions after reviewing the transcripts and papers filed by the parties. In any event, the trial court subsequently issued its memorandum of decision overruling the defendant's exceptions, accepting the reports of the referee and rendering judgment thereon. At no time before judgment was rendered did the trial court afford the defendant an opportunity to present oral argument regarding his exceptions and objections. In postjudgment motions, the defendant requested the opportunity for a hearing on his exceptions and objections to the referee's report. Those motions were denied by the trial court.[2]

Practice Book § 442 provides in pertinent part that "[i]f exceptions or objections [to the report of the referee] have been seasonably filed, the case should be claimed for the short calendar *for hearing thereon*; and the court may, upon its decision as to them, forthwith direct judgment to be rendered." (Emphasis added.) This section expressly contemplates a hearing on a party's exceptions or objections prior to the rendition of judgment. Where our rules of practice permit court

---

[2] During oral argument before the trial court on the defendant's postjudgment motions, the trial court expressed the view that the defendant was not entitled to oral argument as a matter of right on his exceptions and objections to the reports of the referee. The defendant was never given any meaningful opportunity to present his exceptions and objections orally to the trial court during the course of argument on the postjudgment motions. For this reason, we reject the plaintiff's argument that the defendant was afforded a hearing on his exceptions and objections at the time the court heard his postjudgment motions.

action only after a hearing, it is improper for a court
to render judgment without holding a hearing on the
matter. See *Exeter Energy Limited Partnership* v.
*Office of Policy & Management,* 27 Conn. App. 924, 609
A.2d 257 (1992) (reversing Practice Book § 251 dismissal entered without a hearing). Consequently, the
trial court here should not have ruled on the defendant's exceptions and objections to the referee's report
and rendered judgment thereon without first permitting the defendant the opportunity to be heard on his
exceptions and objections.

The right to present oral argument with respect to
a party's exceptions and objections to a referee's
report, as set forth in Practice Book § 442, is an integral
part of the careful constitutional balance set forth in
our rules of practice regarding the reference of cases
to attorney trial referees. "[A]n attorney referee is simply a factfinder whose determination of the facts is
reviewable in accordance with well established procedures prior to the rendition of judgment by the court.
Practice Book §§ 428 through 445. . . . Before judgment is rendered upon the report [of the referee], an
opportunity for a hearing before the court is provided
for the purpose of considering any objections or exceptions to the report. Practice Book § 442." *Seal Audio,
Inc.* v. *Bozak, Inc.,* supra, 502–503. The mechanism for
converting a determination made by an attorney referee into a judgment requires judicial review of the referee's findings in order to avoid constitutional infirmity.
Id., 500–510. Without sufficient judicial involvement
at this stage of the proceedings, the attorney trial referee program would run afoul of article fifth, § 2, of
our state constitution, which requires that judges be
nominated by the governor and appointed by the General Assembly. Id., 500–509. Thus, the opportunity to
present oral argument to the court regarding the
propriety of the trial before the referee and the find-

ings made by the referee may be a party's only opportunity for a hearing before a judge prior to the rendition of judgment. Where the parties have consented to the use of an attorney referee as a fact finder, they have necessarily done so recognizing that their opportunity to appear before a judge is limited. Given this, it would be inappropriate to undermine the legitimate expectations of the parties that they will be afforded the opportunity to express their "views . . . upon the law . . . in their arguments at the hearing before the court that is to enter judgment." *Seal Audio, Inc.* v. *Bozak, Inc.,* supra, 510.

We recognize that "[t]he inland wetlands and watercourses of the state of Connecticut are an indispensable and irreplaceable but fragile natural resource with which the citizens of the state have been endowed" and that their "preservation and protection . . . from random, unnecessary, undesirable and unregulated uses, disturbance or destruction is in the public interest and is essential to the health, welfare and safety of the citizens of the state." General Statutes § 22a-36. Nevertheless, because the trial court failed to permit oral argument on the defendant's exceptions and objections to the initial and supplemental reports of the referee, we must reverse the judgment of the court and remand the case to the trial court for the purpose of considering oral argument and ruling on those exceptions and objections. Because the remaining issues on appeal must be addressed in the first instance by the trial court in its ruling on the defendant's exceptions and objections, after an appropriate hearing thereon, we have no cause to consider them now.

The judgment is reversed and the case is remanded for a hearing on the defendant's exceptions and objections to the report of the attorney trial referee and for further proceedings according to law.

In this opinion the other judges concurred.