## CITY OF STAMFORD *v.* ZDRAVKO KOVAC
## (14832)

CALLAHAN, BORDEN, BERDON, NORCOTT and PALMER, Js.

Argued March 25—decision released June 14, 1994

*James V. Minor,* assistant corporation counsel, with whom, on the brief, was *Daniel M. McCabe,* corporation counsel, for the appellant (plaintiff).

*Sigmund L. Miller,* for the appellee (defendant).

BERDON, J. The sole issue presented by this appeal is whether the trial court cured its failure to allow oral argument on the defendant's exceptions and objections to the report of an attorney trial referee by allowing argument on a motion to reargue. The trial court rendered judgment for the plaintiff after accepting the report of the attorney trial referee. The Appellate Court reversed the judgment of the trial court on the ground that the trial court had accepted the report of the referee and had rendered judgment against the defendant without allowing oral argument on the referee's report. *Stamford* v. *Kovac,* 31 Conn. App. 599, 607, 626 A.2d 792 (1993). We granted the plaintiff's petition for certification, and we now reverse.[1]

The plaintiff, the city of Stamford, brought this action pursuant to the Inland Wetlands and Watercourses Act, General Statutes §§ 22a-36 through 22a-45, seeking a mandatory injunction against the defendant, Zdravco Kovac. The plaintiff claimed that the defendant had illegally dumped fill on his property in Stamford, and sought an order requiring removal of the fill and restoration of the wetlands. The parties agreed to submit their dispute to an attorney trial referee.[2] In a report and supplemental report, the referee found the facts in favor of the plaintiff, and recommended injunctive relief and an award of attorney's fees and costs.

---

[1] We granted the plaintiff's petition for certification, limited to the following issue: "Under the circumstances of this case, did the proceeding on the motion to reargue cure the trial court's failure to provide oral argument on the defendant's objection to the acceptance of the attorney trial referee's report?" *Stamford* v. *Kovac,* 227 Conn. 908, 632 A.2d 689 (1993).

[2] The Appellate Court rejected the defendant's claim that the trial court had incorrectly denied the defendant's attempt to revoke his consent to trial before an attorney trial referee. *Stamford* v. *Kovac,* supra, 31 Conn. App. 602–604. We denied the defendant's petition for certification challenging this determination. *Stamford* v. *Kovac,* 227 Conn. 908, 632 A.2d 689 (1993).

Pursuant to Practice Book §§ 439 and 440, the defendant filed written exceptions and objections with the trial court that set forth certain legal claims and alleged numerous factual errors in the referee's report. These submissions expressly stated: "Oral argument requested." The defendant also voiced this request at the call of the short calendar.[3] According to the defendant, the trial court stated an intention to schedule oral argument "at 2:00 p.m. on an afternoon convenient to his schedule." According to the plaintiff, the trial court informed the parties that it would schedule oral argument only if it determined that such argument was necessary to its decision. At any rate, as the Appellate Court points out, the trial court did not hear oral argument before it issued its memorandum of decision, denying the defendant's objections and accepting the referee's report. *Stamford* v. *Kovac,* supra, 31 Conn. App. 605.

The defendant then filed a "Motion to Re-open Judgment for Purpose of Argument on Defendant's Motion for 'Exceptions' to Reports and Rulings of the Attorney Trial Referee." The trial court denied this motion, and indicated to the parties at short calendar that oral argument is not required as of right on a party's exceptions and objections to the report of an attorney trial referee.

---

[3] Practice Book § 442 provides: "After the expiration of two weeks from the filing of the report, if no motion to correct and no objections to the report have been filed and no extension of time for filing either has been granted, either party may, without written motion, claim the case for the short calendar for judgment on the report of the committee, provided, if the parties file a stipulation that no motion to correct or objections will be filed, the case may be so claimed at any time thereafter. If exceptions or objections have been seasonably filed, the case should be claimed for the short calendar for hearing thereon; and the court may, upon its decision as to them, forthwith direct judgment to be rendered."

Although § 442 is applicable by its terms to matters referred to committees, it is also applicable to matters referred to attorney trial referees. Practice Book § 428; *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 502–503, 508 A.2d 415 (1986).

The defendant subsequently filed a "Motion to Permit Argument and to Reconsider Memorandum of Decision" (motion to reargue), again requesting permission to argue his objections and exceptions to the report of the attorney trial referee. The trial court granted a hearing on this motion, and the defendant argued a factual issue that will hereinafter be examined in greater detail. The trial court subsequently granted the motion to reargue but denied the relief sought therein.

In *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 508–509, 508 A.2d 415 (1986), this court upheld the state constitutionality of the attorney trial referee scheme established by General Statutes § 52-434. The basis of this holding was the determination that attorney trial referees are mere fact finders; the power to apply the governing law, correct factual errors under certain conditions, and render judgment is reserved to the Superior Court. This judicial review is secured by filing written objections and exceptions with the Superior Court. Practice Book § 442 provides that if exceptions or objections to the report of a referee are timely filed, "the case should be claimed for the short calendar *for hearing thereon;* and the court may, upon its decision as to them, forthwith direct judgment to be rendered." (Emphasis added.) On the basis of the clear language of this provision, expressly setting out a right to a "hearing," we agree with the Appellate Court that "the trial court . . . should not have ruled on the defendant's exceptions and objections to the referee's report and rendered judgment thereon without first permitting the defendant the opportunity to be heard on his exceptions and objections." *Stamford* v. *Kovac,* supra, 31 Conn. App. 606.

Furthermore, we agree with the Appellate Court that the opportunity to be heard must include, at a minimum, the opportunity for reasonable oral argument. "The right to present oral argument with respect to

a party's exceptions and objections to a referee's report, as set forth in . . . § 442, is an integral part of the careful constitutional balance set forth in our rules of practice regarding the reference of cases to attorney trial referees." Id.; see *Matza* v. *Matza,* 226 Conn. 166, 178 n.8, 627 A.2d 414 (1993) (in context of motion to withdraw the appearance of an attorney pursuant to Practice Book § 77 [d], right to be "heard" must be construed to provide, at a minimum, oral argument before the trial court).

We emphasize that a party is entitled, under § 442, to a *reasonable* opportunity to be heard at oral argument. What is reasonable would depend upon, among other things, the complexity of the particular case, the legal issues involved, and the extent to which factual matters are in dispute. Therefore, the length of time that must be allowed for oral argument in a given case is a matter within the broad discretion of the trial court. See, e.g., *Herring* v. *New York,* 422 U.S. 853, 862, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975); *Brown* v. *Peters,* 202 Va. 382, 391, 117 S.E.2d 695 (1961). Nevertheless, that discretion must be exercised mindful of the delicate balance between a fact-finding procedure with sufficient judicial oversight and review to pass constitutional muster and a procedure that violates due process. In the present case, we agree with the Appellate Court that the trial court incorrectly refused to allow oral argument before initially ruling on the exceptions and objections to the report of the referee.

Nevertheless, we determine that the proceeding on the defendant's motion to reargue cured the trial court's failure to allow oral argument on the defendant's exceptions and objections to the referee's report prior to its initial ruling. At this proceeding, the defendant had an opportunity to present his position. In particular, he argued that the referee had incorrectly determined which survey lines on a map of the defend-

ant's property accurately reflected the extent to which there were wetlands on the property prior to the defendant's dumping of fill on the land. After hearing arguments of defense counsel Sigmund L. Miller, the trial court stated: "Mr. Miller, didn't you make all these arguments in your brief? It seems to me they are familiar to me." The trial court continued by asking the defendant if he had "anything new to say, something that was not in your brief . . . that is what I am here to hear." Miller responded: "Well, your honor, *I can stop right now* if your honor tells me you knew the date of [the property map] was June 29." (Emphasis added.) The trial court stated: "I don't know for certain whether I knew the dates or not, but I do remember very, very clearly considering the location of the line and addressing that issue very carefully." Miller began, "Well, how could—" and the trial court interrupted: "Anything further, Mr. Miller?" Miller stated: "*I have nothing further.*" (Emphasis added.) The trial court asked the attorney for the plaintiff if he had anything to add, and determined that he did not. The trial court then ruled: "The motion to reargue is granted and the relief requested therein is denied."

The Appellate Court rejected the argument that this postjudgment proceeding cured the trial court's prior failure to provide for oral argument, stating that "[t]he defendant was never given any meaningful opportunity to present his exceptions and objections orally to the trial court during the course of argument on the postjudgment motions." *Stamford* v. *Kovac,* supra, 31 Conn. App. 605 n.2. Although a close call, we disagree, for two reasons. First, on the motion to reargue, the defendant was given an opportunity to advance his argument to the trial court on the wetland boundaries issue, and subsequently represented to the trial court that he had nothing further to add to his papers except his argument with regard to the date of the map line.

Second, it is clear that the defendant sought to address his oral argument to claimed factual errors in the referee's report. In the colloquy between Miller and the trial court, Miller indicated that he was satisfied that he had made his point. Furthermore, as the trial court correctly noted in its memorandum of decision, its scope of review with regard to disputes over factual issues is narrow. Practice Book § 439 prohibits the correction of facts found by the referee "unless a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Under these circumstances, we conclude that the trial court acted within its broad discretion by limiting the defendant's oral argument upon its realization that the argument was directed to a factual determination of the referee that the trial court had already found to be supported by the evidence.

The Appellate Court held that because its remand would require the trial court to hear oral argument on the defendant's exceptions and objections, it would not resolve several issues raised by the defendant on appeal to that court.[4] Because we reverse the judgment of the Appellate Court and determine that there need not be further proceedings before the trial court regarding oral argument on the defendant's exceptions and objections, we remand this case to the Appellate Court to resolve the remaining issues on appeal.

[4] Specifically, the Appellate Court did not resolve the claims of the defendant that the trial court incorrectly: (1) "sustained the trial referee's preclusion of testimony by certain expert witnesses"; (2) "found a violation of the inland wetlands statute"; and (3) "awarded . . . costs, fees and expenses that included the overhead costs of the municipal enforcement agency and . . . attorney's fees for services performed by salaried city attorneys." *Stamford* v. *Kovac,* supra, 31 Conn. App. 601.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to decide the remaining issues previously raised by the defendant in that court.

In this opinion the other justices concurred.