[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The defendants have filed a motion to reargue the entry of judgment. This case is now on appeal to the Appellate Court (A.C. 18162). The case, which was referred to an attorney trial referee, involves a dispute between homeowners and their builder. The referee issued a report which, as amended in response to a motion to correct, recommended that judgment enter in favor of the plaintiffs, John D. Paulus and Carol A. Paulus, for $73,119, plus prejudgment interest as authorized by General Statutes §37-3a.
In a memorandum of decision dated January 20, 1998, this court accepted the recommendations of the referee with one exception and entered judgment in favor of the plaintiff. The exception involved not whether § 37-3a interest was due, as that is a factual determination reserved for the referee, but when it should terminate. The referee recommended that such interest should cease to run on April 28, 1993, the date that the trial of this action began. This court, citing Dills v. Enfield,210 Conn. 705, 713, 557 A.2d 517 (1989), ruled that the issue of the proper date for termination of prejudgment interest presented a question of law to be decided by the court. CT Page 5006
Hence, for the reasons set forth in that memorandum of decision, prejudgment interest was recalculated to the date of judgment, January 20, 1998, totaling $40,494.40. Therefore, a total judgment of $113,613.40 was entered in favor of the plaintiffs and against the defendants, Andrew LaSala, Jr. and Cannondale Development Associates. Cannondale was a partnership in which LaSala was a general partner.
On February 3, 1998, the plaintiffs filed a motion requesting that offer of judgment interest be awarded. The plaintiffs had filed an offer of judgment on April 11, 1989, in the amount of $105,000, and this amount was less than the judgment of $113,613.40, including interest, entered in their favor on January 20, 1998. Interest of 12% per year is due the plaintiffs from the date the offer of judgment was filed to the date of judgment because such offer was not filed within 18 months after filing the complaint. This is in accordance with General Statutes §52-192a (b). The awarding of interest under the offer of judgment statute is mandatory. Lutynski v. B.B. and J. Trucking, Inc. Co.,31 Conn. App. 806, 812, 628 A.2d 1, cert. granted, 227 Conn. 914,632 A.2d 692, aff'd on remand, 229 Conn. 525, 642 A.2d 7 (1993). This offer of judgment interest is calculated as $119,294.07, and therefore the total judgment in favor of the plaintiffs is $232,907.47. Moreover, as pointed out in Black v. Goodwin,Zoomis Britton, Inc., 239 Conn. 144, 165, 681 A.2d 293 (1996), our law authorizes the imposition of both § 37-3a interest and interest pursuant to the offer of judgment statute, §52-192a.
On February 4, 1998, the defendants filed a motion (#189) to "reargue" the entry of judgment in favor of the plaintiffs. See Practice Book § 204B, now Practice Book (1998 Rev.) § 11-12. The defendants presented in their motion six separate reasons for reargument: (1) the defendants were not liable to the plaintiffs "as a matter of law" for the costs that the plaintiffs had incurred for sandblasting and painting their home; (2) the defendants were not liable "as a matter of law" for the costs that the plaintiffs had incurred to install Belgian blocks in their driveway; (3) the defendants were not liable "as a matter of law" for a per diem penalty for failing to complete construction in a timely manner; (4) the finding by the referee that the plaintiffs were obliged to install piping around their home in connection with a wet basement was "clearly erroneous;" (5) the referee's award of prejudgment interest was "clearly erroneous;" and (6) this court's change of the termination date CT Page 5007 of prejudgment interest from the date of trial to the date of judgment was an "impermissible encroachment upon the legal discretion" of the referee.
This motion to reargue was denied on February 9, 1998, with the notation that all six items in said motion had been addressed previously in the original memorandum of decision of January 20, 1998, including the issues of repainting the house, the wet basement, the driveway, prejudgment interest and the proper date for termination thereof. The memorandum of decision does not refer to a per diem penalty because such a penalty was not recommended by the referee. Item 17 of the referee's supplemental report dated February 3, 1997, responding to the motion to correct filed by the defendants, states that: "Neither before nor during the May 20, 1987 closing did the plaintiffs make a claim that they were entitled to any compensation under the contract on the basis that the house was not completed on or before January 15, 1987."
On February 13, 1998, new counsel for the defendants appeared and filed a memorandum dated February 13, 1998, in support of the request for reargument. The basis for this motion was a claim that the defendants had been improperly denied "oral argument" on their exceptions; See Practice Book § 439, now Practice Book (1998 Rev.) § 19-13, and objections; See Practice Book § 440, now Practice Book (1998 Rev.) § 19-14; to the report of the referee. The defendants cited Stamford v. Kovac,229 Conn. 627, 642 A.2d 1190 (1994), as authority that they should have been granted oral argument before their exceptions and objections to the referee's report were considered and overruled by this court.
Oral argument was granted because the defendants presented a new basis to reopen the judgment and took place on February 17, 1998. During the defendants' motion to reargue, which was really a motion to open the judgment of January 20, 1998, reference was made to Practice Book § 211, now Practice Book (1998 Rev.) § 11-18, effective October 1, 1995, which limits oral arguments as a matter of right to motions to dismiss and to strike, and for summary judgment. The impact of this revision of the Practice Book regarding oral argument on the Stamford v.Kovac case, which was issued on June 14, 1994, prior to the change in the Practice Book, was discussed. The court believes, however, that this issue is irrelevant. The file indicates that the defendants did not request oral argument on their exceptions CT Page 5008 and objections to the referee's report, and therefore waived any right they conceivably had to oral argument.
In addition to the memorandum in support of the motion (# 191.25) to reargue, dated February 13, 1998, the defendants also filed a motion (#194) to "reopen" on February 27, 1998, which repeats the contention that "no oral argument has been conducted on said objections or exceptions" but also adds that there has not been any oral argument on the matter of offer of judgment interest. General Statutes § 52-192a and Practice Book § 350, now Practice Book (1998 Rev.) § 17-18, state that the court "shall examine the record" to determine whether there was an offer of judgment in an amount less then the sum recovered. If the court "ascertains from the record" that this is so, then the court "shall" add annual interest to the judgment. There is no reference to oral argument in either the statute or the Practice Book. Rather, the court is obliged to ascertain "from the record" if such interest is due.
Therefore, the motion to reargue dated February 13, 1998, and the motion regarding oral argument on the offer of judgment interest, are both denied.
So Ordered.
Dated at Stamford, Connecticut, this 24 day of April, 1998.
William B. Lewis, Judge