[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED SUPPLEMENTAL MEMORANDUM OF DECISION
The defendants, Andrew LaSala, et al, have correctly identified an error in this court's "supplemental memorandum of decision" of April 24, 1998. The case involves a dispute between homeowners and their builder which was referred to an attorney trial referee and is now on appeal to the Appellate Court, A.C. 18162.
On page 5 of that decision it was indicated that "oral argument" took place on February 17, 1998, which is incorrect. The case appeared on the short calendar of that date (see Appendix to the defendants' brief, p. A-180) but there was no oral argument. The court was thinking of another case also involving defendants' counsel where oral argument on a committee's report was held on February 25, 1998. Defendants' counsel also appeared on behalf of the defendant in that case.
After deleting the reference to oral argument and discussion, the supplemental memorandum of decision of April 24, 1998, is reissued and stands for the following propositions: (1) judgments on report of an attorney trial referee appear on our judicial district short calenders every Monday as "non-arguable" motions; (2) Practice Book (1998 Rev.) § 11-18, effective October 1, 1995, limits the right to oral argument to motions to dismiss, to strike, and for summary judgment; (3) Practice Book (1998 Rev.) § 19-16 and its reference to a "hearing" and Stamford v.Kovac, 229 Conn. 627, 642 A.2d 1190 (1994), cited by the defendants as authority that they should have been granted oral argument before their exceptions and objections to the referee's report were considered and overruled by this court, and before judgment entered in accordance with the report of the referee, CT Page 8601 predate Practice Book (1998 Rev.) § 11-18; (4) if, despite this section of the Practice Book, oral argument is a matter of right before entering judgment in accordance with an attorney referee's report, then such right was waived because the file does not reflect any claim by the defendants for "oral argument" when the case appeared for judgment on report of the attorney trial referee; (5) even if oral argument is a matter of right, and even if it was not waived by the defendants, the main issue that the court was faced with is the date when prejudgment interest, General Statutes § 37-3a, should terminate. The referee thought it should cease to run when the trial started. This court thought it should run until judgment actually entered. What purpose oral argument would serve to resolve this very straight forward question is not readily discernible; and (6) the first request for oral argument by the defendants occurred on February 4, 1998, after judgment had already entered, in a motion to "reargue" which was denied for the reasons stated in the Supplemental Memorandum of Decision of April 24, 1998. The defendants' new counsel moved to "reopen" on February 27, 1998, requesting oral argument. This motion was denied and again there is no requirement in the Practice Book that oral argument is a matter of right for such a motion. There was also a request for oral argument concerning an offer of judgment which, as pointed out in the April 24, 1998 memorandum, requires an examination of the "record" and there is no requirement of oral argument.
Dated at Stamford, Connecticut, this 13 day of August, 1998.
William B. Lewis, Judge