COLLARD AND ROE, P.C. *v.* ARTHUR O. KLEIN ET AL.
(AC 21525)

CHARLES D. ROCKWELL ET AL. *v.*
ARTHUR O. KLEIN ET AL.
(AC 21526)

Lavery, C. J., and Mihalakos and Flynn, Js.

Argued March 19—officially released October 1, 2002

*Arthur O. Klein,* pro se, with whom was *Diane L. Klein,* pro se, the appellants (defendants).

*Aimee J. Wood,* with whom, on the brief, was *Edward P. McCreery III,* for the appellee (plaintiff).

*Arthur O. Klein,* pro se, with whom was *Diane L. Klein,* pro se, the appellants-appellees (named defendant et al.).

*Aimee J. Wood,* with whom, on the brief, was *Edward P. McCreery III,* for the appellee-appellant (defendant Collard and Roe, P.C.).

*Richard E. Castiglioni,* with whom, on the brief, was *Merrie Hawley,* for the appellee-appellants (defendant First American Title Insurance Company et al.).

*Opinion*

LAVERY, C. J. Arthur O. Klein and Diane L. Klein, the defendants in each of two related cases, one a fraudulent transfer action and the other an interpleader action,[1] appeal from the judgments of the trial court. In the fraudulent transfer action, the court rendered judgment in accordance with the report of an attorney trial referee (referee) who recommended that damages be awarded to the plaintiff, Collard and Roe, P.C. (Collard and Roe), and that certain real estate transfers between the Kleins be set aside as fraudulent. On the basis of the judgment in the fraudulent transfer action, the court ordered the payout of funds deposited with the court to various defendants in the interpleader action. Collard and Roe is one of the defendants in the interpleader action and cross appeals from the judgment in

---

[1] "The purpose of an interpleader action is to bring all adverse claimants together in a single action for an adjudication of all matters in controversy related to a particular fund to which the adverse claimants seek entitlement." *Millman* v. *Paige,* 55 Conn. App. 238, 241, 738 A.2d 737 (1999), citing 2 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 263, p. 1088; see also General Statutes § 52-484.

that case.[2] At oral argument, the parties were ordered to submit supplemental briefs addressing additional issues raised by this court. Because we agree with and find dispositive Arthur Klein's and Diane Klein's claim that they did not consent to have the fraudulent transfer case heard by a referee, we do not reach their remaining claims in that case, the claims and counterclaims in the interpleader action or the supplemental issues raised by this court. We reverse the judgments and remand the cases for new trials.

These appeals and cross appeals arise out of several complex and interrelated cases. The origin of the disputes lies in the short-lived merger of two law firms specializing in intellectual property law. Collard and Roe, a New York firm, and Klein & Vibber, P.C. (Klein & Vibber), a Connecticut firm in which the defendant Arthur Klein is a partner, merged in 1990. By the summer of 1991, however, the two firms parted ways following disputes over how certain fees and profits were to be divided between the firms. Collard and Roe subsequently filed an action against Klein & Vibber in a New York court, claiming misappropriation of approximately $70,000 in fees. Although Klein & Vibber initially appeared in the action and filed an answer and counterclaims, the firm failed to appear at trial and was defaulted. On February 28, 1997, Collard and Roe obtained a judgment against Klein & Vibber in the amount of $97,921, which included damages, interest and costs. Klein & Vibber unsuccessfully appealed from that judgment through the New York appellate system,

---

[2] The other defendants are Kirk Straight, Nicole Straight and First American Title Company. They, too, filed a cross appeal, but withdrew it at oral argument before this court. The plaintiffs are attorneys Charles D. Rockwell and Michael A. Laux, who brought the interpleader action seeking a determination as to how they should distribute funds deposited with them as escrow agents among the various defendants. Rockwell and Laux are not parties to the appeal. To avoid confusion, we will refer to all of the parties by name.

and a final, conclusive judgment apparently was established.

Collard and Roe thereafter domesticated the New York judgment in Connecticut pursuant to the Uniform Enforcement of Foreign Judgments Act, General Statutes § 52-604 et seq.[3] Having established a Connecticut judgment, Collard and Roe then filed an action to foreclose a judgment lien it had placed on Arthur Klein's property at 391 North Main Street, Westport. Judgment of strict foreclosure was rendered in favor of Collard and Roe. Meanwhile, Arthur Klein quitclaimed to Diane Klein, who is his wife, his interest in 391 North Main Street and in other property at 7 Half Mile Common, Westport. Collard and Roe subsequently brought an action seeking to set aside those transfers as having been fraudulently made. The court referred the case to be heard by a referee, who recommended that judgment be rendered in favor of Collard and Roe. In a memorandum of decision dated December 12, 2000, the trial court rendered judgment accepting the recommendations in the referee's report and in AC 21525 the Kleins have appealed from that judgment.

While those proceedings were taking place, the Kleins entered into a contract to sell the 391 North Main Street property to Kirk Straight and Nicole Straight. Because of Collard and Roe's judgment lien on the property, the Straights' title insurance company, First American Title Company (First American), agreed to insure the title only on the condition that $150,000 of the sale proceeds be held in escrow. Pursuant to an agreement among all

---

[3] General Statutes § 52-605 (b) provides in relevant part that if a judgment creditor files a certified copy of a foreign judgment, along with certain other information, in a Connecticut court, that judgment "shall be treated in the same manner as a judgment of a court of this state . . . [having] the same effect and [being] subject to the same procedures . . . for reopening, vacating or staying as a judgment of a court of this state and [the judgment] may be enforced or satisfied in like manner."

of the parties to these actions, Charles D. Rockwell and Michael A. Laux, who are the attorneys for the Straights and the Kleins, held the funds in escrow. The agreement further provided that the Kleins would indemnify First American for any loss, damages or attorney's fees that it might incur as a result of any action on the judgment lien, and that they would take action to remove or release that lien. It provided further that if the Kleins failed to obtain removal or release of the lien, or if foreclosure thereon occurred, then First American could demand payout of the escrow funds to any claimant to release or to discharge the lien. Subsequently, when First American made such a demand, Rockwell and Laux did not comply.

Thereafter, because there were multiple claimants to the escrow funds, Rockwell and Laux brought the interpleader action and deposited the funds with the court for a determination of how they should be dispersed. See footnote 1. Relying on the referee's findings in the fraudulent transfer action, the court, in a separate December 12, 2000 memorandum of decision, concluded that the funds should be dispersed as follows: (1) $10,000 to the Straights' attorney; (2) $124,809.88 to Collard and Roe in satisfaction of its judgment lien, with interest continuing to accrue at a per diem rate of $19.58, provided that Collard and Roe withdraw its foreclosure action and its action to enforce the foreign judgment; and (3) the remaining balance to the Kleins. These appeals and cross appeal followed.

Among the numerous other claims they have raised on appeal, the Kleins argue that they never consented to have the fraudulent transfer action heard before a referee and, therefore, the court's referral was improper. We agree.

In *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 508 A.2d 415 (1986), our Supreme Court held that General

Statutes § 52-434 (a) (4) requires the consent of the parties for the referral of their case to a referee. *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 510–16; see also *Bowman* v. *1477 Central Avenue Apartments, Inc.*, 203 Conn. 246, 250, 524 A.2d 610 (1987). That holding is embodied in Practice Book § 19-2A, which provides that "[t]he court or judicial authority may refer to an attorney trial referee any civil nonjury case in which the issues have been closed, *provided that the appearing parties or their counsel consent to the referral.*" (Emphasis added.)

The court referred the fraudulent transfer action to the referee on January 12, 2000, citing § 52-434 (a) and Practice Book § 19-2A as the basis for its action. Implicit in the court's referral, therefore, is a finding that the parties had consented thereto. A court's determinations as to litigants' consent in proceedings are findings of fact to which we must defer unless they are clearly erroneous. See *Stein* v. *Hillebrand*, 240 Conn. 35, 47, 688 A.2d 1317 (1997); *State* v. *One 1987 Chevrolet Camaro*, 23 Conn. App. 724, 726, 584 A.2d 477 (1991).

On December 6, 1999, notice had been posted on the trial assignment list that the fraudulent transfer case would be heard before a referee on January 12, 2000. On January 11, 2000, the Kleins filed a written "objection to the assignment of the case for trial before an attorney trial referee,"[4] stating therein that "the defendants consent [to having a referee oversee proposed discovery] *but do not consent to have this case tried before [a referee].*"[5] (Emphasis in original.) On January 12, 2000, at the commencement of the hearing before the referee, Arthur Klein alerted the referee to the objection he had filed on January 11, 2000. The referee responded that

---

[4] The objection is dated January 10, 2000.

[5] The same italicized statement was included in the Kleins' motion to reargue an earlier order of the court, which motion was filed on January 11, 2000, and denied by the court on January 12, 2000.

she was unaware of any ruling on the objection and that she had been advised by the court that she was to proceed. Arthur Klein stated, "I protest vigorously . . . now it is on record that I do not agree to have this matter tried before [a referee]." Thereafter, the hearing proceeded.

The Kleins resubmitted their January 11, 2000 objection on March 17, 2000,[6] following the hearing before the referee. The court never ruled on the January 11, 2000 objection, but did rule on the March 17, 2000 resubmission on September 7, 2000, at which time it stated in a memorandum of decision that "[t]he objection to the attorney trial referee is denied as moot since this case was tried by a referee on January 12, 2000." Our review of the entries to the court file between December 6, 1999, and January 11, 2000, does not disclose any indication of any explicit consent by the Kleins to the impending referral, nor does the plaintiff direct us to any.

The plaintiff argues instead that because the Kleins did not object to the reference until January 11, 2000, they had impliedly consented thereto. It claims that at that point, the court then had discretion to refuse to revoke that reference, which it properly did. The plaintiff cites our Supreme Court's holding in *Bowman* v. *1477 Central Avenue Apartments, Inc.*, supra, 203 Conn. 246, and this court's holding in *Stamford* v. *Kovac*, 31 Conn. App. 599, 626 A.2d 792 (1993), rev'd on other grounds, 229 Conn. 627, 642 A.2d 1190 (1994), in support of its argument.

In *Bowman*, the court held that parties "are deemed to have given their implicit consent to the referral by failing to raise their objection in a timely fashion." *Bowman* v. *1477 Central Avenue Apartments, Inc.*, supra,

---

[6] The resubmission appears to be a photocopy of the earlier objection, bearing the date January 10, 2000. See footnote 4.

203 Conn. 251. It thereafter rejected the defendants' argument that they had objected timely because "[t]he defendants 'utterly neglected' to raise the issue of their lack of consent until after the hearing had ended and the referee had filed his report." The court noted that "[t]he appropriate time to object in this case would have been *at the time of the referral, or at least prior to the commencement of the hearing before the referee.*" (Emphasis added.) Id. The court similarly found implicit consent in *Seal Audio, Inc.* v. *Bozak, Inc.*, supra, 199 Conn. 496, in which the defendant did not object to the reference until it filed its appeal. Id., 517.

In *Kovac*, we noted, citing *Bowman*, that an objection to a reference made on the date a hearing was to commence was timely, but concluded that under the circumstances of the case, the defendant's claimed objection really was a request to revoke a reference to which the defendant earlier had consented, which request the court properly refused. *Stamford* v. *Kovac*, supra, 31 Conn. App. 603–604. In that case, however, "the matter had been previously scheduled several times [over the course of the prior year] for trial before an attorney trial referee with the consent of the parties, only to be continued to a later date, and . . . the objection was made on the date of trial after the court had ordered no further postponements." Id., 604.

In this case, we conclude that the Kleins timely objected pursuant to *Bowman*, because, according to the court's file and docket entry, the case was not actually referred until January 12, 2000, the date of the hearing. Further, unlike in *Kovac*, notice that the matter would be scheduled for a hearing before a referee was issued for the first time on December 6, 1999, and there is nothing in the record indicating that the Kleins, either explicitly or implicitly, consented thereafter. In fact their filings to the court following the December 6, 1999 notice suggest quite the opposite.

"Where the parties consent, a case may be referred to a referee. Practice Book § 19-2A." *Killion* v. *Davis*, 69 Conn. App. 366, 369, 471 A.2d 970, cert. denied, 260 Conn. 931, 799 A.2d 295 (2002); see also *Douglas-Mellers* v. *Windsor Ins. Co.*, 68 Conn. App. 707, 709–10, 792 A.2d 899 (2002). Conversely, "parties to a case that qualifies for the attorney trial referee process may withhold consent to the referral of the matter . . . ." *Douglas-Mellers* v. *Windsor Ins. Co.*, supra, 715. In this case, it is apparent from the record that the Kleins did not consent to the court's referral and that their repeated objections, both written and oral, were timely. The court's finding of consent, therefore, was clearly erroneous.

The judgments are reversed and the cases are remanded for new trials.

In this opinion the other judges concurred.